H. W. CUNNINGHAM AND CHARLES D. GIBBS, PLAINTIFFS IN ERROR, v. WILLIAM TONNEMAKER, DEFENDANT IN ERROR.

**Practice in Supreme Court:** AFFIRMANCE OF JUDGMENT. When a cause is submitted to this court on a record so imperfect as to render it impossible to tell therefrom whether the facts assigned for error exist or not, the judgment of the court below will be affirmed.

ERROR to the district court for Harlan county.

*John Dawson*, for plaintiff in error.

*C. O. Whedon*, for defendant in error.

BY THE COURT.

The only point made in the petition in error in this case is that "the court erred in affirming said judgment before said action stood for trial."

There was no argument made, nor brief filed in this case by either party. So we do not know upon what provision of law the plaintiff in error relies.

The petition in error to the justice of the peace was filed in the office of the clerk of the district court, on the 11th day of March, and precipe for summons filed on the 13th, but the transcript does not show that any summons was ever issued or served. Neither does the transcript show on what day of any month, or on what day of the term, the proceedings were had in the district court which resulted in the affirmance of the judgment. The record also fails to show the appearance of either party in open court, either in person or by attorney, and of course shows no exception taken to any proceeding by the plaintiff in error. In short, the record is too defective to enable the court to examine the question sought to be raised.

The district court of Harlan county is a court of general jurisdiction. All presumptions are in favor of the regularity of its proceedings. To enable this court to hold them irregular, it must be put in possession of a record thereof sufficiently clear to enable the court to see what that court has done, or what it has failed to do, in the case before it. The record before us being insufficient for that purpose, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.