JOHN WEIR, PLAINTIFF IN ERROR, V. THE BURLINGTON AND MISSOURI RIVER RAILROAD COMPANY IN NEBRASKA, DEFENDANT IN ERROR.

1. **Trial:** OBJECTIONS TO INSTRUCTIONS. Where objection is made to the ruling of a trial court in the giving or refusing to give instructions to the jury hearing the cause, the instructions given or refused must be pointed out in the motion for a new trial in some way, either by number or other means of identifying the same.

2. **Error must appear affirmatively.** A judgment of the district court will not be reversed unless the errors alleged and complained of appear on the record affirmatively.

ERROR to the district court for Lancaster county. Tried below before GASLIN, J., sitting for POUND, J.

*Cornish & Tibbetts,* for plaintiff in error.

*Marquett, Deweese & Hall,* for defendant in error.

REESE, J.

This action was brought by plaintiff to recover damages for the depreciation in the value of his residence property

by reason of the construction and operation of a railroad track in the street upon which the property abutted. There is no bill of exceptions, and the cause is presented upon the record, consisting of the pleadings, instructions to the jury, verdict, and judgment. The motion for a new trial assigned a number of grounds or reasons why the verdict of the jury should be set aside, but as many of them involved admission or rejection of evidence, or other grounds which would require an examination of the proceedings at the trial, we, of course, cannot inquire into them for want of a bill of exceptions.

There are two grounds which it is insisted may be examined by the light of the record we have. They are as follows:

" The court erred in refusing the instructions to the jury asked by plaintiff, which refusal was duly excepted to by plaintiff."

" The court erred in each and every instruction given to the jury, and instructions were excepted to by plaintiff."

Three of the instructions asked by plaintiff were refused. Twelve instructions were given, some of which were upon the court's own motion, and some upon the request of defendant. There is nothing in the motion for a new trial nor in the petition in error which in any way designates the instructions refused nor those given, of which complaint is made.

In *Hastings and Grand Island R. R. Co. v. Ingalls*, 15 Neb., 129, the present Chief Justice, MAXWELL, in writing the opinion, says: " There is good reason for allowing a general assignment of all errors arising from objection to the admission or rejection of testimony, as it is frequently almost impossible to point out all such errors in the motion for a new trial. But no such difficulty arises in regard to instructions. The statute requires them to be given in consecutively numbered paragraphs, and provides that they may be excepted to without assigning a reason therefor.

One of the objects of the statute was to enable a party objecting to an instruction to bring it to the attention of the court by number and thus avoid the inconvenience of copying the same.   *   *   *   It is but justice to the trial court that objections to instructions be pointed out, and in our opinion the statute has not changed that requirement."

Applying the above rule to this case it is clear that plaintiff in error has not presented any questions here which we can review.   We have examined the instructions given as well as those refused.   They are lengthy, and it could serve no good purpose to copy them here at length.   It is sufficient to say that *some* of those given do not misstate the law, and that some of those refused were rightfully rejected.

It is alleged in the petition in error that the cause was taken under advisement by the court to await the decision by this court of the case of *Hastings & Grand Island R. R. Co. v. Ingalls, supra,* and that if that case " should be decided adversely to the railroad company, then the motion for a new trial should be granted, and with the request of the plaintiff not to take other and further steps necessary to obtain a new trial, which agreement and request on the part of the court plaintiffs in good faith acceded to and complied with, but the court failed to decide the motion in accordance therewith, the decision in the above case having been rendered in favor of Ingalls."   The record shows that this cause was " taken under advisement until decision of the supreme court in case of *St. Joseph & Grand Island Railroad Co. v. Ingalls,*" but it does not show the agreement as alleged.   Of course we must look to the record alone.   It is to be deplored if the rights of plaintiffs, if any, are lost by any misunderstanding between the trial court and counsel, but this court cannot assume to pass upon questions not shown by the record.   A judgment cannot be reversed unless error affirmatively appears from the record.   *Hamilton County v. Baily,* 12 Neb., 57.   *Stephen-*

*son v. Anderson*, Id., 86. · If the record is imperfect, so the court cannot tell whether facts assigned for error exist or not, the judgment of the court below will be affirmed. *Cunningham v. Tonnemaker*, 13 Neb., 462.

No error appearing by the record the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.