SHERWIN, SHERWIN & CO., PLAINTIFFS IN ERROR, V.. PATRICK W. O'CONNOR, DEFENDANT IN ERROR.

1. **Evidence** examined, and *Held*, Sufficient to sustain the verdict. of the jury.

2. **The verdict** of the jury being consistent with the theory of the defense and the testimony of the defendant upon questions of fact, and these questions of fact being submitted by proper instructions, the verdict will be upheld.

3. **Instructions** given to the trial jury by the district court cannot be assigned for error in the supreme court, unless the alleged error was presented to the district court in the motion for a new trial.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*J. L. Caldwell*, for plaintiffs·in error.

*Sawyer & Snell*, for defendant in error.

REESE, CH. J.

This was an action to recover commissions alleged to be due from defendant in error to plaintiffs in error, as exchange brokers. Defendant was the owner of certain personal property, and one Green was the owner of real estate in Franklin county, which he had placed in the hands of plaintiffs in error for sale or exchange, and which they had advertised in the local papers. Defendant seeing their advertisement approached them at their office for an exchange, and being informed that the owner of the real estate would soon be in Lincoln, nothing was done until his arrival, when he was introduced to defendant and an exchange was effected by them.

A jury trial was had in the district court, which resulted in a verdict in favor of defendant.

Plaintiffs bring the cause to this court by proceeding in error.

The motion for a new trial was based upon three grounds, as follows:

"*First.* The verdict is contrary to law.

"*Second.* The verdict is contrary to the instructions given for the plaintiffs.

"*Third.* The verdict is contrary to the evidence, and not sustained thereby."

The assignments of error in the petition in error are the same, with the additional one, that the court erred in overruling the motion for a new trial.

It will be seen that the only questions presented are as to whether the verdict is sustained by sufficient evidence, and whether it falls within the rules of law laid down by the court in its instructions to the jury. As the testimony was conflicting, the burden of proof being upon plaintiffs, we cannot see that there was such manifest error in the finding of the jury as to call for a reversal of the judgment. The jury being the judges of the weight of the testimony, their verdict upon the facts cannot be molested.

The instructions asked by plaintiffs and given by the court were as follows:

"1. If you find from the evidence that Sherwin, Sherwin & Co. acted as the agent of both parties, with the full knowledge and consent of both parties, and took no other part in the exchange of the property, then you will find for the plaintiffs, if the exchange was effected by plaintiffs bringing the parties together.

"2. If you find from the evidence that the plaintiffs were acting as middle men only in bringing the parties together, and that the parties thus brought together by the plaintiffs afterwards, without the intervention of the plaintiffs, made the trade or exchange of property, then you will find for the plaintiffs."

The theory of the defense was, that plaintiffs were not

employed by defendant, that they rendered him no services, and were not in any sense his agents. This was the substance of defendant's testimony.

If the jury found this to be the fact, and we must assume that they did, the verdict was not in violation of the instructions.

It is claimed in the brief of plaintiff, as well as upon the oral argument, that the court erred in giving certain instructions to the jury upon the request of defendant. But as this question was not presented to that court by the motion for a new trial, it cannot be considered here. *Weir v. B. & M. R. R. Co.*, 19 Neb., 212.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.