CITY OF SOUTH OMAHA V. JAMES POWELL.

FILED MARCH 3, 1897. No. 7058.

1. **Instructions: EXCEPTIONS.** An exception to all of the instructions is unavailing if any one of them is correct.

2. ———: ———. Where several distinct requests to charge are denied, an exception to the refusal of all of them is insufficient, unless it appears that each should have been given.

3. ———: ASSIGNMENTS OF ERROR. An assignment in a motion for a new trial that a group of instructions is erroneous is bad if any one of them was properly given.

4. ———: REPETITIONS. A refusal of an instruction already substantially given is not error.

5. **Municipal Corporations: STREETS: NEGLIGENCE.** A city is required to exercise reasonable care and diligence in keeping a street in

City of South Omaha v. Powell.

a safe condition for travel, even though the street may not be one frequently used by the public.

6. ——: UNSAFE BRIDGE: DAMAGES: JUDGMENT FOR $2,500. Evidence examined, and *held* that the judgment is not excessive.

ERROR from the district court of Douglas county. Tried below before OGDEN, J. *Affirmed.*

*James H. Van Dusen* and *E. T. Farnsworth*, for plaintiff in error.

*James Hassett* and *E. M. Bartlett, contra.*

NORVAL, J.

In September, 1891, while the defendant below, James Powell, was crossing a bridge on F street, in the city of South Omaha, with a team and loaded wagon, the bridge collapsed, throwing him, the horses, and wagon into the creek, thereby injuring plaintiff and his team, and breaking the wagon. This action was instituted against the city to recover the damages sustained. The trial resulted in a verdict for the plaintiff in the sum of $5,000, and he having filed a remittitur for $2,500, a judgment was rendered in his favor for a like amount. The city has removed the record into this court for review.

The first thirteen assignments contained in the petition in error relate exclusively to the giving of certain instructions, and to the refusing of the requests to charge submitted by the city. Exception was taken in the trial court to the instructions *en masse*, those refused and also those given; therefore error cannot be predicated upon the instructions unless the entire charge was bad, or each of the requests should have been given. (*Union P. R. Co. v. Montgomery*, 49 Neb., 429, and cases there cited.) There is no claim that all the instructions given are erroneous, and where they are not, such an exception is insufficient. Again, the instructions were improperly assigned in the motion for a new trial, they being grouped in the assignments of error therein as follows:

"1. The court erred in giving on its own motion instructions Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 9.

"2. The court erred in refusing to give instructions Nos. 1, 2, 6, 7, 8, 9, and 10 offered by the defendant.

"3. The court erred in giving instructions 3, 4, and 5 offered by the plaintiff."

Similar assignments in motions for new trials have been held insufficient repeatedly, and that they would be considered by the appellate court to the extent alone of ascertaining if any one of the instructions was correct in each group given, and that at least one of those refused was properly denied. Counsel for the city do not claim that all the instructions given by the court on its own motion were erroneous. They offer no criticism whatever upon the first and second paragraphs of the charge, and the ninth in the same group is not contained in the record before us; therefore the first assignment must be overruled. There is no pretense that all the instructions embraced within the third assignment were erroneous, and clearly the fifth instruction given at the suggestion of the plaintiff was free from fault, which told the jury that the reasonable care and caution required of the plaintiff was that degree of care and caution which might be reasonably expected from an ordinarily prudent person under the circumstances surrounding the plaintiff at the time of the alleged injury. One, if not more, of the instructions of the defendant which was refused was in every essential particular covered by the charge of the court, hence it was not reversible error to decline to repeat the same proposition to the jury. It follows that since each assignment in the motion for a new trial is not well taken as to all the instructions referred to therein, it requires no further consideration at our hands. (*Union P. R. Co. v. Montgomery, supra.*)

The court excluded testimony offered by the city for the purpose of showing that the bridge where the accident happened was located on a street in an unfrequented and remote part of the city, over which

the travel was not so great as on other streets of the city. This ruling is now assailed. The testimony was not material. It was the duty of the defendant to keep all its streets and bridges in a reasonably safe condition for travel, whether located in one part of the city or another, and its care and diligence in respect of them are not controlled or affected by the fact that the bridge or street is less frequently used than some others within the municipality. (*City of Lincoln v. Smith*, 28 Neb., 762; *City of Ord v. Nash*, 50 Neb., 335.)

We do not see how any prejudice could have resulted from the oral remarks of the judge during the progress of the trial, or that he in the least invaded the power of the jury, and the assignment directed to that point is without merit.

Finally, it is urged that the damages are excessive. The amount found by the jury, $5,000, was regarded by the trial judge as too large, and a remittitur of $2,500 was ordered and filed. A perusal of the evidence satisfies us that the jury could have based a finding thereon that the plaintiff received a permanent injury; hence judgment for $2,500 is not so excessive as to call for a reversal.

AFFIRMED.