ELLA O'LOUGHLIN, APPELLEE, v. CITY OF PAWNEE CITY, APPELLANT.

FILED JANUARY 9, 1911. No. 16,215.

1. **Municipal Corporations:** DEFECTIVE SIDEWALKS: LIABILITY FOR INJURIES. By showing that a sidewalk is on the outskirts of a city and not frequently used by the public, the city cannot escape liability for neglecting to repair such walk, where it is situated within the corporate limits of the city along a street at the usual place for a sidewalk.

2. ———: ———: ———: NOTICE. In an action against a city for injuries from a defective sidewalk, proof of defendant's actual notice of the defects is not essential to a recovery, unless made so by statute, where the proofs justify a finding that the unsafe condition had existed for a year or more—a length of time sufficient to charge the city with notice.

3. ———: ———: ———. A city of the second class having less than 5,000 inhabitants cannot escape liability for neglecting to repair a defective sidewalk because notice of the defect and of the resulting injury had not been given according to the requirements of a charter applicable alone to cities of another class.

4. ———: ———: ———. A sidewalk constructed in a city along a public street in the usual place under the directions of the city, and afterward controlled by it and used by the public, should be

repaired by the city, and the city may be liable for damages resulting from negligence in failing to do so though the sidewalk is not within the limits of the street as originally platted.

APPEAL from the district court for Pawnee county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Story & Story,* for appellant.

*J. C. Dort, contra.*

ROSE, J.

For personal injuries caused by falling on a defective sidewalk, plaintiff recovered a judgment against defendant for $1,000, and the latter has appealed.

Under issues properly raised by the pleadings, there is proof tending to show: The sidewalk on which plaintiff was injured had been constructed on the surface of the ground by nailing boards across stringers. Some of the boards were loose, some were missing and others were broken. When walking on the sidewalk, plaintiff saw the condition of the boards ahead of her, and in attempting to get off was thrown by a loose board. Her right shoulder was dislocated, causing a laceration of the capsule of the shoulder joint. The injuries were permanent, limiting the action of the joint and resulting in atrophy of some of the muscles of the shoulder and arm. She was a professional nurse and her earning capacity as such was permanently impaired.

Insufficiency of the evidence to sustain the verdict is the first point argued. While the testimony is conflicting in some respects, a careful consideration of all the proofs adduced by both parties has led to the conclusion that the jury were justified in finding from the evidence that plaintiff, without negligence on her part, was injured through the negligence of defendant in failing to keep the sidewalk in a reasonably safe condition for travel at the

place of the injury, and that the damages sustained amounted to $1,000.

Defendant insists it was not negligent, for the reason that the sidewalk was on the outskirts of the city; that the accident occurred near the end of the sidewalk where it was not frequently used by the public; that the side-walk had been repaired two months before plaintiff was injured and that there was no subsequent notice of the defects. This argument is untenable for the following reasons: The jury found in favor of the plaintiff on proof that the walk was within the city limits, that the repairs were insufficient, and that after they were made defendant had been notified of the unsafe condition of the walk. Conceding the sidewalk was on the outskirts of the city and infrequently used by the public, those facts would not justify defendant's failure to make repairs. *City of Ord v. Nash,* 50 Neb. 335; *City of South Omaha v. Powell,* 50 Neb. 798. Besides, there is proof to justify a finding that the walk at the place of the injury had been in an un-safe condition for a year or more. This was sufficient to charge defendant with notice of the defects. *City of Lincoln v. Smith,* 28 Neb. 762; *Olmstead v. City of Red Cloud,* 86 Neb. 528.

A reversal is also asked because defendant never had any written, statutory notice of the defective condition of the sidewalk, nor of the nature and extent of the injury, nor of the time and place thereof. Defendant is a city of the second class having less than 5,000 inhabitants, and its charter at the time of the injury did not require such notice. *Olmstead v. City of Red Cloud,* 86 Neb. 528. Plaintiff did, however, before bringing suit, file her claim with the city council.

It is also contended that the sidewalk is not located upon any street, alley or other property of the city as re-quired by ordinance, and that therefore the city is not liable for damages. On this point it is said the street was originally 33 feet wide, that the sidewalk is not within the limits thereof, and that the street has never been ex-

tended to include the sidewalk space. Defendant cannot escape liability on this ground. In its brief it is admitted that the sidewalk is inside the city limits. The proofs show that the sidewalk runs along the street in the usual place in front of abutting lots. It was constructed under the directions of the city perhaps five years before the accident and has been used by the public ever since. In the meantime it has been under the control of the city. Under such circumstances it was the duty of the city to repair the sidewalk, and it is liable to plaintiff for the damages resulting from its negligence in failing to perform that duty. *Severa v. Village of Battle Creek, ante,* p. 127; *City of South Omaha v. Powell,* 50 Neb. 798; *City of Ord v. Nash,* 50 Neb. 335.

Some of the instructions are assailed as erroneous, but most of the criticism is directed to those in harmony with the rules just stated, and in the others no error prejudicial to defendant has been found. All of the assignments have been examined without finding a reversible error, and the judgment is

AFFIRMED.