McCarty, C.
J.,
in a concurring opinion stated:
"True the jury have the power in this class of homicides to find the accused guilty of any of the lower degrees necessarily included in the charge * or to acquit him. They may even do this thoiigh it is conclusively shown by the evidence that he is guilty of murder in the first degree and there is no evidence tending to reduce the crime to a lower degree. But it does not follow that because a jury have the power to ignore the evidence and in violation of their oaths to bring about a miscarriage of justice by refusing to do their duty, the court should in its instructions a.uthorize and in a sense invite them to do so.”
We come now to a consideration of the question of the propriety of charging the law pertaining to each degree of homicide, viz: murder in first and second degree, manslaughter, assault, assault and battery, which has been the customary practice for so long.
It has been thought to be essential to thus charge the jury because of the provisions of Section 13692, viz:
“When the indictment charges an offense including different degrees, the jury may find the defendant not guilty of the degree charged and guilty of an inferior degree. ’ ’
We must have a proper conception of the purpose and effect of this statute. It does not design to confer unlimited power and discretion on the jury regardless of law and evidence. It was *80 not the intent to deprive the court of its power to decide whether there is any evidence tending to support a charge. It contemplates that when the law as given by the court and the evidence warrants it, the jury may find the accused guilty of a lesser degree of crime embraced within the indictment. It was not intended to confer unlimited or unrestricted power upon the jury to find a defendant not guilty of a higher degree, but guilty of a lesser degree when the law and the evidence may not so warrant. It does not require the court to instruct the jury on every degree of crime that may be embraced within the indictment when there is no evidence upon which to base a charge.
It is important to observe that our notion about the propriety or necessity of charging the law concerning every grade of homicide had its origin from an early day when the statute was materially different. Originally it provided:
“That in all trials for murder, the jury before whom such trial is had, if they find the prisoner guilty thereof, shall ascertain in their verdict, whether it be murder in the first degree or second degree, or manslaughter. ” Swan’s Sts., 275.
In early cases it was considered that
“the crime of murder in the first degree includes all the constituent elements of the lower grades of homicide; and there can be no question but that, in the state of the pleadings, the prisoner might, legally, have been found guilty, either of murder in the second degree, or of manslaughter.
"Whether the homicide act was committed purposely or otherwise, with or without malice, or with or without deliberation or premeditation, were questions of fact to which it was the exclusive right and province of the jury, upon consideration of the evidence, to respond. Whilst it was the right and duty of the court to pass upon the competency of the evidence offered, as well as to determine all other questions of law arising in the progress of the trial; yet the credibility, weight and effect of the evidence, when offered, the jury were the sole judges.” Beandien v. State, 8 O. S., 634; Robbins v. State, 8 O. S., 131.
It has been assumed that the jury shall be left to ascertain and determine the degree of crime embraced in the technical charge, but without regard to the evidence.
But careful study of the decisions will disclose that it has been considered that the jury may find an accused guilty of á *81 lesser degree of crime embraced within the indictment only where the evidence justifies it. Marts v. State, 26 O. S., 162; Lindsey v. State, 69 O. S., 215.
It is recognized in Marts v. State, supra, that:
“It is true that if death resulted from the unlawful assault and battery, an assailant was guilty of manslaughter.”
And it was also observed that:
“Had the court charged the jury, that if they found that death resulted from the assault and battery, they could not properly find him guilty of assault and battery only, the charge would have been correct.”
In dealing with the applicability of the statute to homicide cases it is essential to mete that two distinct types of homicide are embraced within or provided by Section 11400.
The first kind of homicide consists in killing a person purposely and with deliberate and premeditated malice.
The other is taking life while perpetrating or attempting to perpetrate the crime of rape, arson, robbery, burglarly or by means of poison.
The truth is that the original language of our homicide statutes, were clearer in expression than they now are. See Swan’s Sts., p. 269.
Purposely killing another with deliberate and premeditated malice involves an intent and condition of mind wholly unlike and different from that present in first degree murder by one perpetrating any one of the crimes mentioned.
The intent to kill and malice in the act of purposely killing with deliberate and premeditated malice, is specific and express. In the other type it is made intentional and malicious by presumption of law, the turpitude of the act supplying the intent and malice.
So when we come to the question of operation of Section 13692, it must be observed that, in general, a charge of first degree murder while perpetrating rape, arson, robbery, by means of poison, etc., may not embrace the lesser degrees of the crime. In exceptional cases the lesser degrees may possibly be included.
If one kills another while committing the crime of either rape, arson, robbery or burglary, or while administering poison, as *82 White, J., stated, in Dresback v. State, supra, he must be guilty of first degree murder, or not guilty of any crime at all. líe can not be guilty of second degree murder, because having killed by means of poison, or when committing any of the other crimes, he does not do the killing “purposely and maliciously, but without deliberation and premeditation” within the meaning of the second degree statute. Section 12403. This was the language of the original statute. See old Swan’s Sts., page 269.
A person killing another while committing the act of rape, arson, robbery or burglarly, or by administering poison, can not be guilty of manslaughter, because it is not done without malice, nor is it done upon a sudden, quarrel, or unintentionally, while the slayer is in the commission of some unlawful act.
Killing another while committing the act of rape, arson, robbery, or burglary, or while administering poison, is not killing unintentionally while the slayer is in the commission of some unlawful act, because the statute specifically imputes to the slayer an intention of committing the crime of first degree murder, to the exclusion of the lesser degrees of first degree homicide embraced within a purposely killing with deliberate and premeditated malice.
The intention of Section 13962, was “doubtless to class certain homicides in the highest degree of murder without containing the ingredient of premeditation, malice and intention, which otherwise could not possibly be of a higher degree than manslaughter, and in' many cases, might not amount to criminal homicide at all.” Quotation from Bisset v. State, 53 Ind., 408, by Dans, J., in Conrad v. State, 75 O. S., 52, 67.
Dresback v. State, 38 O. S., 365, was a charge of first degree murder by administering poison, and not with purposely killing another with deliberate and premeditated malice. No doubt it was for this reason, as well as for the further reason that the distinction between the two types of murder was not present in the mind of the court in Lindsey v. State, 69 O. S., that caused Spear J., in-the latter case to observe that:
“ Owing to the meagerhess of the statement we are unable to a’scertain exactly what-the facts in this case were, and',are'not disposed, to comment at length upon the decision more than to, say that.tire, report has puzzled many legal minds.” -
*83 Scott, J., in Dresback v. State evidently regarded murder committed by poison as a type of homicide that according to the law and the evidence before the court did not embrace the lesser grades of homicide; that in view of the claim of. defense that the poison was put in the pills by the. doctor who prepared them and' that defendant had no knowledge of the presence of the poison, presented a sharp issue whether the accused was guilty of first degree murder or not guilty at all. In view of the law and the evidence it was held to be prejudicial to prejudice the defendant as to his defense by injecting into the case of the issue of second degree murder of which he could not be legally found guilty at al.
Dresback v. State therefore stands the test of reason and law better than does Lindsey v. State., 60 O. S., 215, which was a charge of first degree murder while in the perpetration of robbery. The accused killed the deceased with a revolver.
-The indictment not only charged the murder to have been committed while perpetrating robbery, but also charged defendant with having unlawfully and purposely killed and murdered by means of shooting, inflicting a mortal blow from which death instantly resulted.
The form of indictment was upheld, and a conviction of murder in the second degree was sustained. Second degree murder was probably sufficiently charged.
An indictment in such a ease where a deadly weapon was us and while committing robbery might be framed with two counts so as to cover both types of homicide, but the indictment in this case is not a model, nor does the decision show proper, appreciation of the homicide statutes. '
The authorities in other jurisdictions fully support the views expressed in this opinion concerning the types of homicide,' and the rules applicable thereto.
In murder in the first degree committed while perpetrating any one of the crimes named, the intent and malice is to be presumed from the heinousness of the act. If it is held to be- with éxpréss intent or express malice, it is made .so by statute. The correct conception, however, appears to be that it is' to be presumed by law to have. been intentionally, and. -maliciously by *84 force of the statute. See in support of this Gonzales v. State, 19 Tex. Cr. Rep., 394; Pumphrey v. State, 84 Neb., 636; Com. v. Hanlon, 3 Brewst., 461; 8 Phila., 401; State v. Gray, 19 Neb., 212; State v. Mangana, 33 Nev., 511.
This is wholly unlike intent and malice in second degree murder embraced within the charge of purposely killing with deliberate and premeditated malice. In such case there is no presumption of intent and malice, it being a matter of inference for the jury from the nature of the act. This furnishes another reason for the claim that there are two types of first degree, and that generally the second type does not -embrace the lesser degrees.
The rule in other jurisdictions is that murder committed while perpetrating rape, arson, robbery, poison, etc., eliminates the lower degrees of murder in the second degree, manslaughter, assault, assault and battery. Milo v. State, 59 Tex. Cr. Rep., 196; Michie Hom., Sec. 18, p. 18; State v. Sexton, 147 Mo., 89; Dresback v. State, 38 O. S., and State v. Lukens, 6 N. P., 363, 367, also support the doctrine.
It was distinctly stated that the statute which divides crimes into degrees and which requires the Jury to find in the lesser degree in case of doubt, should not be applied in a case of murder in the perpetration of a robbery, oecause a murder so committed is not divisible into degrees.
In State v. Thorne, 41 Utah, 414; Ann. Cas. 1915 D., a request was made by the accused akking that the jury be charged that it might find defendant guilty of either murder in the first degree, or murder in the second degree. The court refused, and charged the jury that they could find defendant guilty of murder in the first degree with or without recommendation, or not guilty.
It was held that:
“The court’s charge was proper. There was no evidence upon which the jury could base a verdict of second degree murder. Under the undisputed evidence and under his own admissions appellant was guilty of murder in the first degree, or he was not guilty at all.”
In State v. Spivey, 151 N. C., 676, it is stated:
*85 “If * * * there is any evidence 'or if any inference can be fairly deduced therefrom, tending to show one of the lower grades of murder, it is then the duty of the trial judge, under appropriate instructions to submit that view to the jury. It becomes the duty of the trial judge to determine, in the first instance, if there is any evidence or if any inference can be fairly deduced therefrom, tending to prove one of the loiuer grades of murder. This does not mean any fanciful inference tending to prove one of the lower grades of murder; but, considering the evidence in the best light for the prisoner, can the inference of murder in the second degree or manslaughter be fairly deduced therefrom.”
In Essery v. State, 72 Tex. Cr., 414, it was said:
“When the. code said murder committed in a certain way was murder in the first degree, the law makes it so, and a jury by its verdict could not find otherwise.”
In People v. Schleiman, 197 N. Y., 383; 18 Ann. Cas., 588; 27 L. R. A. (N.S.), 1075, it is stated:
“The conditions are exceptional, * * * which warrant a refusal to instruct the jury as to their power to convict of a lower degree of crime charged for which the defendant is on trial and great care should be observed, * * * not to withhold such instruction unless the ease is one like that before us, where there was no possible view of the facts which would justify any other verdict except a conviction of the crime charged or an acquittal.”
The decisions cited from other jurisdictions, some of them being-of the second type of first degree murder — not being with deliberate and premeditated malice, support the position sought to be maintained in this opinion. That is in any ease of murder with deliberate and premeditated malice, the function of the court is to determine whether there is any evidence that tends to support any lesser degree; if there is, then to state the issue, give appropriate instruction and submit proper form of verdict.
In this ease the killing was purposely done with a deadly weapon calculated to cause death, supported by strong evidence tending to show adequate provocation, or assault and battery. A form of verdict for manslaughter was submitted with an instruction which left it to the jury to decide whether there was *86 provocation. But no forms of verdict for assault and battery were submitted, and no cbarge in respect thereto.
We think the verdict of murder in the first degree is supported by the law and the evidence.
The motion for new trial is overruled.