## ERSKINE LILLARD V. STATE OF NEBRASKA.

### FILED OCTOBER 21, 1932. No. 28274.

*C. E. Walsh,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein,* contra.

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

Erskine Lillard was convicted in the district court for Douglas county on the charge of "shooting with intent to kill," and sentenced to imprisonment in the state penitentiary for a term of ten years. From this sentence he prosecutes error.

A careful examination of the transcript and bill of exceptions has convinced the writer that the following as-

signments of error only are such as require consideration of this court: (1) Insufficiency of the evidence, (2) refusal of the trial court to require an election by the state as between a charge of shooting with intent to kill and a charge of shooting with intent to wound, (3) misconduct of the county attorney's representative, and (4) the sentence is excessive.

It must be conceded that the evidence was conflicting. Nevertheless, the testimony in the record, if believed, establishes that on the day set forth in the information the defendant and the complaining witness met some 20 feet north of the intersection of Eighteenth and Nicholas streets in Omaha. The defendant then had in his possession a .38 caliber loaded revolver. A fight occurred at the point above referred to. After the first fight the defendant, with his weapon in his possession, "followed" or was "preceded by" the complaining witness, who passed in a southerly direction across Eighteenth street and then west on Nicholas street. It seems fairly established that the altercation was not ended at the first encounter but continued in the meanwhile some distance west of the intersection of Nicholas street and Eighteenth street, the exact number of feet being in dispute, where the last of the series of quarrels was renewed. During the progress of this altercation the defendant shot the complaining witness in the abdomen "a little to the right of the midline." The defendant then returned east to Eighteenth street, which he crossed, got in his car, and left the vicinity. The complaining witness was unarmed during the entire controversy. The evidence suggests no explanation of the defendant's following or accompanying the complaining witness across Eighteenth street and along Nicholas street unless we infer a desire on defendant's part to continue the "trouble." It may also be said that the circumstances surrounding the shooting, the nature of the wound inflicted, the language employed by the defendant during the altercation, at as well as previous thereto, as detailed by certain witnesses at the trial,

amply sustain the jury's verdict. True, the defendant claims to have shot the complaining witness in self-defense, and was to a certain extent supported by certain corroborating evidence. It must be conceded, however, that defendant's evidence relating to this subject was in conflict with the evidence given on the part of the state. Taking the record as an entirety, the case here presented is not dissimilar to many which appear at the bar of this court, and calls for the application of the well-established principle that "The jury are the judges of the credibility of the witnesses who testify before them and of the weight of their testimony, when properly admitted, and, unless the decision of the jury thereon is clearly wrong, their verdict will not be molested." *Norton v. State,* 119 Neb. 588.

We concede counsel's contention that "Intent is an essential element in the crime of shooting with intent to kill and proof of such intent is indispensable to sustain a conviction." *Swartz v. State,* 121 Neb. 696. And we have carefully examined the record upon the subject of proof of the specific intent of the crime charged of which the defendant was convicted. The evidence is ample in this connection, the controlling principle being: "Where such specific intent is an essential element of the crime, such intent may be inferred from the facts and circumstances, inclusive of the assault." *Garofola v. State,* 121 Neb. 850. See, also, *Swartz v. State,* 121 Neb. 696. In concluding this branch of the case, it may be said that the record appears to contain ample competent evidence from which the jury could reasonably find the defendant guilty of the crime charged in the information. Therefore, this court, as a reviewing court, would not be justified in setting aside such verdict. *Graham v. State,* 90 Neb. 658.

As to the defendant's complaint of the failure of the district court to compel an election between the counts of the information on which he was tried, it may be said: "It is within the sound discretion of the trial court to

overrule a request to compel a county attorney to elect upon which of two counts in an indictment (or information) he will ask for a conviction, where one count is for feloniously shooting at the prosecuting witness with intent to kill and the other count charges a like shooting with intent to wound." *Krause v. State,* 88 Neb. 473. See *Brown v. State,* 111 Neb. 486.

We have carefully read the record and are unable to find that it establishes as a fact that there has been any prejudicial infringement of defendant's legal rights, either by the rulings of the trial court on the admission and rejection of evidence, or by any misconduct on the part of the prosecuting attorney.

We feel, however, that the evidence contained in the bill of exceptions discloses that there are extenuating circumstances which, while in no manner excusing the crime of which the defendant has been convicted, are such as should be given consideration in the fixing of penalties which are to be assessed against him. Therefore, considering all the circumstances in the case, we are of the opinion that the sentence of ten years is excessive. It is our judgment that the ends of the law and the good of society will be served by reducing the sentence to five years, which is hereby done under the authority of section 29-2308, Comp. St. 1929. As thus modified, the judgment of the district court is affirmed.

AFFIRMED; SENTENCE REDUCED.