SAM PHILLIPS, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

14 N. W. 2d 606

FILED MAY 26, 1944. No. 31761.

*G. B. Hastings,* for plaintiff in error.

*Walter R. Johnson, Attorney General, Rush C. Clarke* and *H. Emerson Kokjer, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

The defendant was charged, tried and convicted of hog stealing. He appeals. We affirm the judgment of the trial court.

The appeal presents the question of the sufficiency of the evidence to sustain a conviction, and, particularly, the sufficiency of the evidence to prove a felonious intent at the time of the taking.

In summary the evidence of the state follows: One Humphrey gave a Hampshire boar to a boy named Wayne Todd. On February 19, 1943, Todd took the hog to the sales pavilion at Imperial. There he met the defendant, who also had a hog, and they traded hogs. Todd was to get $3 "to boot." Todd did not get the $3. The boar, marked "for slaughter only," was put in the sales ring, and only $2 was bid. The defendant refused to sell it. It was returned to the pen and Todd and defendant traded back. The next morning Todd went to the sales barn, found the boar in a pen used by defendant, took it out, put it in his own pen and wired the gate shut. A few hours later Todd, returning to the sales barn, found the wire off the gate, the gate open and the hog gone. Todd reported the matter to the sheriff. February 24, defendant sold the boar and another pig in Ogallala for

a total of $16. It was found near there on the 27th. February 25 or 26 defendant asked Todd if he had found his pig. During the week following the disappearance of the hog, defendant went to Humphrey, who had given the boar to Todd, told him he understood that he, defendant, was going to be arrested for stealing Humphrey's hog from Todd, and told Humphrey that he, defendant, had bought the hog from Todd, and at the same time asked Humphrey, "What do you want for this pig?" Also, about that same time, defendant went to Todd's mother and tried to pay her for the boar.

At the preliminary hearing, defendant offered in evidence a "bill of sale" written on the back of a blank check, reciting: "Sold Sam Phillips one hamp boar for one dollar on Feb. 19, 1943 Wayne Todd". The defendant and his witnesses testified that he bought the hog after the sale on the 19th from Todd for $1; that defendant did not have the dollar in change; that defendant's wife paid it to Todd; that defendant's wife wrote the above instrument, and Todd signed it. The state offered the exhibit in evidence in the district court, together with expert testimony that the signature on the exhibit was not that of Todd, and that the same person wrote the entire exhibit. Todd denied selling the hog to defendant and denied the signature.

The serious dispute in the evidence goes to the question of whether or not Todd had sold the hog to the defendant. As to that, the evidence is in conflict. Todd's complaint to the sheriff when he found the hog missing negatives a sale. Defendant's inquiry of Todd as to whether or not he had found the hog, his offer to pay Todd's mother and Humphrey for the hog are not consistent with a prior purchase.

The rule is: "The jury are the judges of the credibility of the witnesses who testify before them and of the weight of their testimony, when properly admitted, and, unless the decision of the jury thereon is clearly wrong, their verdict will not be molested." *Lillard v. State*, 123 Neb. 838, 244 N. W. 640.

The jury resolved the disputed questions of fact against

the, defendant. The evidence is sufficient to sustain their decision. The state charged that the defendant did "feloniously steal, take and carry away" the boar, the property of Todd, "without the consent" of the owner "and against his will."

"The intent with which the property alleged to be stolen was taken by accused may be proved by circumstantial evidence; * * * ." 36 C. J. 912. See 32 Am. Jur. 1046. See, also, *Lillard v. State, supra*; *Farrin v. State*, 112 Neb. 608, 200 N. W. 54. " * * * nonconsent of the owner of the property alleged to have been stolen may, in a proper case, be inferred from circumstances, the same as any other essential fact." *Holthus v. State*, 138 Neb. 200, 292 N. W. 603. In the light of the jury's finding against defendant, it is quite apparent that the evidence establishes the necessary intent.

The judgment of the trial court is affirmed.

AFFIRMED.