RAY ANDERSON, APPELLANT, V. NEBRASKA DEFENSE
CORPORATION, APPELLEE.

20 N. W. 2d 322

FILED OCTOBER 19, 1945. No. 31933.

*Walter L. Cropper, Lloyd Crocker,* and *Carl T. Self,* for appellant.

*Joseph T. Votava* and *Bert E. Church,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, and CHAPPELL, JJ.

YEAGER, J.

This is an action by Ray Anderson, plaintiff and appellant, to recover wages, overtime compensation, liquidated damages, and attorney's fees claimed to be due and owing by virtue of the provisions of certain of the laws enacted by the United States Congress known as the Fair Labor Standards Act of 1938, 29 U. S. C. A., secs. 201 to 219, inclusive. The case was tried to a jury and a verdict was returned in favor of defendant. Judgment was entered on the verdict. Motion for new trial was filed by plaintiff. This motion was overruled. From the judgment and the ruling on the motion for new trial plaintiff has appealed.

The plaintiff by his petition set forth in substance that from December 1942 to May 25, 1943, he was employed by the defendant in the production of goods for commerce and that in his employment he was a manual worker and not an executive and that during that period he worked overtime for which defendant had not paid; that the amount due for overtime was $816.83 and that agreeable to the terms of the Fair Labor Standards Act of 1938 he was entitled, in addition thereto, to a like sum of $816.83 or a total of $1,633.66 and an attorney's fee.

The defendant by answer to the petition set forth three defenses. The first was that the plaintiff was not engaged in commerce within the meaning of the Fair Labor Standards Act of 1938 and was not entitled to the benefits of the act; that the defendant was not indebted to plaintiff in any sum; and that plaintiff did not spend more than twenty per cent of his time doing manual labor. The second was that for the period covered by plaintiff's claim he was employed in an executive and supervisory capacity with a fixed salary and as such was not entitled to the benefit of the overtime provisions of the Fair Labor Standards Act of 1938. The third defense was that on May 4, 1943, a release and satisfaction of all claims for overtime was executed and delivered by plaintiff to defendant on payment by defendant of the sum of $196.08.

All issues presented by the pleadings were submitted to the jury and as above stated the verdict thereon was in favor of the defendant.

As grounds for reversal plaintiff sets forth eight assignments of error. The first five are complaints of error contained in instructions given by the court of its own motion. The sixth and seventh are complaints that the court erred in refusing to give two instructions tendered by the plaintiff. The eighth is a complaint that the court erred in admitting in evidence exhibit No. 5 over the objection of the plaintiff.

The first five assignments of error must be decided against the appellant for failure to conform to rules of practice long established and consistently adhered to by this

court. An examination of the transcript discloses that in the motion for new trial there is but a single assignment of error attacking the instructions given by the court of its own motion. It is the following: "That the Court errored (erred) in giving the Court's Instructions Number #1 to #19, inclusive."

With regard to this manner of attacking instructions this court said in *City of South Omaha v. Powell,* 50 Neb. 798, 70 N. W. 391: "Similar assignments in motions for new trials have been held insufficient repeatedly, and that they would be considered by the appellate court to the extent alone of ascertaining if any one of the instructions was correct * * * ." The rule was announced as early as *Weir v. Burlington & M. R. R. Co.,* 19 Neb. 212, 26 N. W. 627, and adhered to as late as the decision in *Holst v. Warner,* 116 Neb. 208, 216 N. W. 659. We have examined the instructions given. They are lengthy, and it could serve no good purpose to copy them here. It is sufficient to say that some of those given do not misstate the law.

The exception to the instructions refused was set forth in like manner as that to the instructions given, that is, there was an exception to the refusal to give the instructions as a whole. The practice of excepting to the refusal to give tendered instructions as a group has been condemned in like manner as exceptions as a whole to instructions given and by the same decisions of this court. See *Weir v. Burlington & M. R. R. Co., supra; City of South Omaha v. Powell, supra.* As with the instructions given we have examined the instructions refused and without setting them out we find that some of them do not correctly state the law.

As already pointed out, by the eighth assignment of error appellant contends that exhibit No. 5 was erroneously admitted in evidence. This contention cannot be sustained.

The exhibit was the basis for the third defense to plaintiff's cause of action. It is the following:
"In consideration of the sum of $196.08 , receipt of which is hereby acknowledged, I Ray Anderson hereby release The Nebraska Defense Corporation from any and

all claims and demands to date for overtime pay arising out of my employment with said company. I accept the above amount as full payment, satisfaction and discharge of all such claims, demands, and causes of action, whether based on contract, or state or federal laws.

Date    May 4, 1943                                    Ray Anderson

Witnesses:
    D. W. Boylan

    C. Y. Sanders

196.08, less: Social security              $1.96
              Victory tax                  9.10
              Net amount of check          $185.02
              Check #8956"

It is not contended that it was not executed by plaintiff. There is no claim that it was not properly identified. The theory of plaintiff appears to be that legally under the Fair Labor Standards Act of 1938 a settlement could not be made for overtime for less than the full amount due as overtime, therefore an instrument showing the payment of a lesser amount was inadmissible as evidence.

The exhibit was at variance with the pleaded cause of action of plaintiff and his testimony in support thereof. It tended to support the contention of defendant that plaintiff, for the period he was claiming overtime pay, was not engaged in manual labor but was engaged in an executive and supervisory capacity, therefore without regard to whether or not a valid settlement could be made for overtime for less than the amount due the evidence was admissible as a test of his credibility as a witness, for impeachment, and as an admission against interest.

In *Brown v. Mulready*, 140 Neb. 500, 300 N. W. 421. is collected a large number of cases bearing upon the admissibility of statements, oral and written, made out of court and they fully sustain the view that this exhibit was admissible as evidence.

Finding no reversible error in the record the judgment of the district court is affirmed.

AFFIRMED.

WENKE, J., participating on briefs.