BYRON (BUD) MORROW, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

20 N. W. 2d 602

FILED NOVEMBER 23, 1945. No. 31971.

*Mark J. Ryan,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *C. S. Beck,* for defendant in error.

Heard before SIMMONS, C. J.. PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is a criminal action wherein in the district court for Thurston County, Nebraska, Byron (Bud) Morrow, plaintiff in error here and defendant there, was prosecuted on an information containing two counts. In the first count he was charged with the offense of larceny as bailee of five hogs, the property of one Charley Parker. In the second count he was charged with larceny of the same five hogs.

The plaintiff in error will be referred to hereinafter as the defendant.

A trial was had to a jury. The jury returned a verdict of guilty on the charge of larceny as bailee and a verdict of not guilty of the charge contained in the second count of

the information. Motion for new trial was duly filed and overruled whereupon the defendant was sentenced to serve a term of one year in the State Penitentiary.

After receiving his sentence the defendant filed his petition in error in this court, the object and purpose of which is to obtain a reversal of his conviction and sentence.

In his brief the defendant sets out numerous assignments of error. Not all of them require consideration and discussion.

The first assignment is that the court erred in not sustaining defendant's motion to dismiss count one of the information. The third is that the evidence is insufficient to sustain the conviction. The two assignments do not require separate treatment. Obviously the contention is that the charge therein was not supported by the evidence. This then calls for a brief review of the evidence.

The testimony on behalf of the state was to the effect that Charley Parker was the owner of five Hampshire hogs each of the weight of about 75 pounds. The hogs were last seen on his premises about October 21, 1944. A search was made for them thereafter but they were not found. Later a check was made at the Pender Livestock Sales Company sale pavilion and it was ascertained that the defendant had delivered five hogs to the pavilion on October 27, 1944, and that they were sold on October 28, 1944. The sheriff was called and a search was made. The hogs which had been sold by defendant were traced to the people to whom they had been sold. They were identified by Charley Parker as his own. They were also identified by his wife, his son, and his daughter. The defendant claimed ownership of the hogs and denied that they were or ever had been the property of Charley Parker.

This evidence presented to the jury for decision and determination a disputed question as to the ownership of the hogs and while not assuming to weigh it here on review we do not hesitate to say that the evidence was sufficient upon which to sustain a finding by the jury that Charley Parker was the owner of the hogs. The appropriate rule in this

connection is the following: "The jury are the judges of the credibility of the witnesses who testify before them and of the weight of their testimony, when properly admitted, and, unless the decision of the jury thereon is clearly wrong, their verdict will not be molested." Lillard v. State, 123 Neb. 838, 244 N. W. 640; Phillips v. State, 144 Neb. 772, 14 N. W. 2d 606. This being true this phase of the assignment must be resolved in favor of the state.

The fourth assignment is that there was no evidence tending to establish a bailment. This assignment must be considered in determining whether or not assignments one and three are available to defendant since without proof of bailment of the hogs of Charley Parker in the defendant proof of the first count fails.

In order to prove the charge of larceny as bailee the burden was on the state to establish that the defendant came into possession of the hogs of Charley Parker lawfully and that he thereafter unlawfully and with intent to steal converted them to his own use. Sec. 28-540, R. S. 1943; Ford v. State, 46 Neb. 390, 64 N. W. 1082; Davis v. State, 54 Neb. 177, 74 N. W. 599; Cohoe v. State, 82 Neb. 744, 118 N. W. 1088; Frades v. State, 131 Neb. 811, 270 N. W. 314.

The evidence of the state as to the manner in which the hogs came into the possession of defendant is altogether circumstantial. They were allowed to run at large by Parker. The defendant sold them at Pender. If the defendant sold Parker's hogs obviously he converted them to his own use. If there was a conversion the evidence was sufficient to justify the jury in concluding that within the meaning of the statute it was with intent to steal.

There remains on this question the propriety of the jury in finding that the intent to convert was conceived after the hogs came lawfully into possession of the defendant. They had a choice since they had the two counts before them. Felonious intent to convert at the time of obtaining possession would have amounted to larceny. Felonious intent conceived thereafter amounted to larceny as bailee. After examining the record we are unable to say that their choice was the wrong one.

If then within the meaning of the law the evidence was sufficient to establish the existence of a bailment we cannot say that the court erred in refusing to sustain defendant's motion to dismiss count one or that the evidence was insufficient to sustain the conviction.

The defendant contends substantially that even if the jury were correct in finding that he came into possession of the hogs of Parker that such possession did not amount to a bailment. With this contention we are not able to agree. This court in Ford v. State, *supra*, in explanation of the meaning of the statute, said: "The gist of the offense in such a prosecution (for larceny as bailee) is the conversion of the property without the knowledge and consent of the owner thereof with the intent to steal the same." Neither the statute nor the decisions go beyond this declaration. There is no requirement that a bailment within the meaning of this statute shall be created in any particular way. With the reported cases as illustrations it becomes clear that the statute is satisfied if it be proved that the property be received lawfully and thereafter converted with intent to steal. Ford v. State, *supra*, is a case wherein a ring was borrowed and later pawned. Cohoe v. State, *supra*, is a case wherein money was found and converted. Frades v. State, *supra*, is a case wherein a bull was borrowed and converted. This court held in all three of these cases a bailment existed. The principle of these cases is not different than the one involved here. Under the evidence the jury was justified in finding that defendant came into possession of the hogs as bailee.

The second assignment is that the court erred in refusing to sustain defendant's motion to dismiss count two of the information. Whether or not the court was in error is of no consequence since the jury found the defendant not guilty on this count.

The next assignment to which we shall direct attention is the eighth. It is that the court erred in commenting upon the testimony of the witness Emilie Parker.

From an examination of the testimony and of the remark

we do not consider that it comes within the category of remarks by trial judges condemned by this court. Be that as it may the defendant on the record is precluded from making any complaint here with regard thereto. He took no exception to the remark by motion to strike, motion for mistrial, or otherwise.

It has long been the rule that unless the record discloses an objection or an exception to remarks of a trial judge a complaint with regard thereto cannot be reviewed on appeal. In Ford v. State, *supra*, it was said: "The record failing to disclose any exception to the remarks of the trial judge, of which complaint is here made, the same cannot be reviewed." See, also, Payne v. Clark, 117 Neb. 238, 220 N. W. 262; Pittenger v. Salisbury & Almquist, 125 Neb. 672, 251 N. W. 287; Kennedy v. Woods, 131 Neb. 217, 267 N. W. 390.

The ninth assignment of error is that the court erred in overruling objections and permitting the witnesses for the state to repeatedly change their testimony. This assignment is very general and is difficult to follow through the arguments in the brief. The bill of exceptions has been examined and it is apparent therefrom that there are some discrepancies in the testimony of certain witnesses but it cannot be said that these discrepancies result from any ruling of the court. We do not pretend to account for all of them but some obviously resulted from misunderstanding of questions propounded and some from inadvertence in statement. Clearly the control thereof could not be said to have been properly in the hands of the court. The weight of this evidence and the credibility of the witnesses was for the jury.

The fifth assignment of error is that the court erred in giving instructions No. 3, 4, 5, and 6, of its own motion, and the sixth that the court erred in giving of its own motion instructions No. 13, 14, and 15. These two assignments will be treated together since from an examination of the motion for new trial the assignments may not be considered if a single one of the instructions numbered from 3 to 9 inclusive and 11, 12, 13, 14, 15, 19, 21, and 22 correctly states the

law. The assignment of error in the motion for new trial' is an attack upon this group of instructions as a whole and not separately. It has long been the rule of this court that an assignment of error in a motion for a new trial to the effect that the trial court erred in giving a group of instructions does not require a consideration of such assignment further than to ascertain that one of the instructions was properly given. Weir v. Burlington & M. R. R. Co., 19 Neb. 212, 26 N. W. 627; City of South Omaha v. Powell, 50 Neb. 798, 70 N. W. 391; Holst v. Warner, 116 Neb. 208, 216 N. W. 659; Anderson v. Nebraska Defense Corporation, *ante* p. 466, 20 N. W. 2d 322.

An examination of the instructions discloses that at least some of them correctly state the law. These two assignments of error therefore require no further consideration.

The seventh assignment charges that the court erred in refusing to give instruction No. 6 requested by the defendant. The request was that the court instruct the jury that in weighing the testimony of law enforcement officers who are specially charged with the duty of securing evidence, greater care should be used than in weighing the testimony of ordinary witnesses because of a natural and unavoidable tendency of such officers to procure and remember with partiality such evidence as would be against a defendant.

This court has held repeatedly that it is not error to refuse to give an instruction cautioning the jury that where sheriffs and deputy sheriffs are called to testify as witnesses in a criminal case greater care should be exercised in weighing their testimony than that of ordinary witnesses. McCartney v. State, 129 Neb. 716, 262 N. W. 679; Koch v. State, 130 Neb. 119, 264 N. W. 172; Schlegel v. State, 143 Neb. 497, 10 N. W. 2d 264.

The tenth and last assignment of error in the brief of the defendant is that the trial court erred in requiring defendant to plead to the charge or charges contained in the information.

Just what defendant's legal theory is in this connection is not made clear. There is no attack on the information or

the proceeding by motion, plea in abatement, or demurrer and no objection to trial upon the information has been registered. We can conclude only that the assignment is without merit.

Finding no reversible error in the record the judgment of the district court is affirmed.

AFFIRMED.