DALE W. ANDERSON, APPELLEE, v. N. CHRIS NELSEN, APPELLANT.

65 N. W. 2d 149

Filed June 25, 1954. No. 33565.

*Sidner, Lee, Gunderson & Svoboda,* for appellant.

*Richards, Yost & Schafersman,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action based upon an alleged contract between Dale W. Anderson, plaintiff and appellee, and N. Chris Nelsen, defendant and appellant. The plaintiff alleged for his cause of action substantially that on or about April 10, 1952, he entered into an oral contract with the defendant whereby he agreed to perform farm work for the defendant for $175 a month and that if he stayed until after the crops were harvested he would receive an additional $25 a month for his services as a bonus. Other considerations were involved but they constitute no part of the controversy here. He further alleged that the crops were harvested by December 1, 1952; that he stayed until after that date; and that he made demand for the bonus for the period from April 10, 1952, to December 1, 1952, amounting to $190, which was refused.

The defendant denied that he agreed to pay the bonus and refused payment.

The case was tried to a jury and a verdict was returned in favor of the plaintiff for the amount claimed.

After the verdict was returned the defendant filed a motion for new trial and a motion for judgment notwithstanding the verdict. These motions were in due course overruled. From the order overruling the motions the defendant has appealed.

On the evidence adduced it cannot be said that the court erred in overruling either or both of the motions. The testimony on behalf of the plaintiff as to the entry into the agreement is clear, complete for the purposes

of establishing the agreement, and unequivocal in its terms. This evidence was denied by the defendant.

Under the rule that where in an action at law the evidence is in conflict on a material matter the verdict of a jury thereon will not be disturbed unless it is clearly wrong, the verdict in this case must be upheld. See Bolio v. Scholting, 152 Neb. 588, 41 N. W. 2d 913.

The defendant insists that the court erred in its refusal to instruct on the nature of a contract as requested in his tendered instruction No. 7. This insistence is without merit. The full and complete substance of the requested instruction appears in instruction No. 2 given by the court on its own motion.

The defendant urges that the court erred in refusing to instruct on circumstantial evidence as requested by the defendant. This assignment is without merit.

No circumstances were testified to which either tended to sustain plaintiff's cause of action or the pleaded defense thereto. The material testimony on both sides was direct.

It is urged that the court prejudicially abused its discretion in the rejection of evidence and by remarks which prevented the defendant from having a fair trial.

We have found no instance wherein any relevant, competent, or material evidence was rejected by the court either on the court's own motion or by ruling on objection or offer of proof. As to the matter of prejudicial remarks none have been found, and furthermore the record does not disclose objection or exception to any remark or remarks of the court.

It is the rule that a prerequisite to review on appeal of alleged improper conduct or statements of a trial judge is an exception thereto at the time. Morrow v. State, 146 Neb. 601, 20 N. W. 2d 602; Bolio v. Scholting, *supra*.

For the reasons herein set forth the judgment of the district court is affirmed.

AFFIRMED.