ALFRED SCHUETZ, APPELLANT, v. CITY WIDE ROCK & EXCAVATING CO., APPELLEE.

113 N. W. 2d 609

Filed March 16, 1962. No. 35093.

*Viren & Emmert* and *Eleanor Knoll Swanson,* for appellant.

*Nelson, Harding & Acklie,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by Alfred Schuetz, plaintiff and appellant, against City Wide Rock & Excavating Co., defendant and appellee, to recover a claimed amount due from the defendant on account of a difference between what plaintiff received as a Nebraska intrastate common carrier and what he was entitled to receive under rates fixed by the Nebraska State Railway Commission for the transportation of rip rap rock.

The case was tried to a jury, and a verdict was returned in favor of the defendant. Judgment was rendered on the verdict. An alternative motion for judgment notwithstanding the verdict or for new trial was duly filed. This motion was overruled. From the

ruling on this motion and the judgment the plaintiff has appealed.

The substance of the cause of action as pleaded is that the plaintiff is a common carrier with authority to transport rock to points of designated delivery; that between May 11, 1957, and July 19, 1957, as a common carrier he transported rock from the quarry of the defendant to a point near the South Omaha Bridge in Omaha, Douglas County, Nebraska, a distance of about 13 miles; and that under the tariff fixed by the Nebraska State Railway Commission he was entitled to receive 91 cents a ton for the mileage involved but that he actually was paid 65 cents a ton. The action is for an accounting of the total mileage, for the difference between the amount received and the amount which he says he was entitled to receive based upon total mileage, treble damages, and attorney's fees.

It is stated here that the mileage total involved is not in dispute. It is likewise not in dispute that the rate for this service by a common carrier as such was 91 cents a ton. Further it is not disputed that the rock was transported in a truck belonging to the plaintiff and that he had a lawful right as a common carrier to use and operate the truck.

The answer of the defendant is of considerable length but the only part of it which requires mention at this point herein is that in it it is denied that the plaintiff was, during the period mentioned, employed by the defendant as a common carrier.

The matter which was in actuality tried was that of whether or not in the performance of the service the plaintiff was operating as a common carrier. The plaintiff, as is already clear, contends that he was. The defendant on the other hand contends that the truck was leased on the basis of a fixed rental and the plaintiff was an employee hired to operate the truck.

It is pointed out that the plaintiff in his brief does not contend that such an arrangement as that for which

the defendant contends, if proved, would be invalid. He goes no further in this area than to say that in such a situation a presumption arises that such transportation is performed by a carrier and is subject to existing carrier regulations.

There is therefore no question of law involved at this point. Involved is only a question of disputed fact. With particularity the question is that of whether or not this transportation was performed by the plaintiff in the status of a common carrier. This question was submitted to a jury under proper instructions, including the definition of a common carrier.

The controlling rule in such a situation is that where in an action at law the evidence is in conflict on a material matter the verdict of a jury will not be disturbed unless it is clearly wrong. See, Bolio v. Scholting, 152 Neb. 588, 41 N. W. 2d 913; Anderson v. Nelsen, 159 Neb. 43, 65 N. W. 2d 149.

The evidence on behalf of the plaintiff relative to the character of the service which was performed and the period over which the transportation involved here was performed is that it was from May 11, 1957, to June 15, 1957; that prior to this time a like service was performed by the plaintiff; that he had no agreement relative to the service which was performed after May 11, 1957; that during the period from May 11, 1957, to June 15, 1957, he knowingly received and receipted for, by endorsement of checks, payments based on lease of the truck to the defendant, and on his hiring to operate the truck, for the entire period; that the last check was cashed by him after he had obtained legal advice on the subject from his attorney; and that on June 15, 1957, the transportation ceased apparently because he refused to sign a written agreement which contained specific provisions relating to future transportation.

There is no evidence on behalf of the plaintiff which by its terminology indicates an agreement that the arrangement between the parties was one of common car-

riage with the defendant a shipper and the plaintiff a common carrier.

Evidence of the defendant is in accord with that of the plaintiff as to the amount of hauling which was done and the manner of performance. Other evidence of the defendant, in substance, indicates that in 1956 a written but undated contract was entered into between these parties by the terms of which the plaintiff leased his truck to the defendant for the purpose of hauling rock at the rate of .173 cents per running mile. Obviously 1.73 cents per running mile was intended. It further provided that the driver of the truck would be an employee of the defendant. It further provided that the arrangement should continue as long as it was mutually agreeable or until canceled or terminated. Cancellation could be accomplished on 15 days' written notice. No such notice was ever given. For the service performed pursuant to this arrangement the plaintiff was paid for each round trip haul as rental for his truck 45 cents a ton, or 1.73 cents per running mile, and for his service as an employee driving the truck 20 cents for each ton hauled or a minimum of $1 an hour. The rate for driving was not a part of the undated contract. By computation and allocation the plaintiff actually received for the two services a total of 65 cents a ton. About this there is no dispute. The plaintiff performed under this contract in 1956 and at least for some period in 1957. Whether or not there was a suspension of service at any time before May 11, 1957, does not clearly appear.

There is no evidence that there was any new arrangement or contract entered into before or after the commencement of service performed on or after May 11, 1957. Payments were made by the defendant and accepted by the plaintiff on the basis of the terms of the 1956 arrangement.

There is evidence that service was discontinued on June 15, 1957, following an argument between the plaintiff and the representative of the defendant. No informa-

tion appears as to the basis of the argument except that the plaintiff refused to sign an agreement of some kind tendered by the defendant.

The case was submitted to the jury and by the instructions it was told that if it should be found by a preponderance of the evidence that the service was performed by the plaintiff as a common carrier, he was entitled to recover. If, however, he failed to so prove, or if it should be found that the defendant had leased the truck and hired the plaintiff as an employee driver, the verdict should be for the defendant.

The verdict on this issue was for the defendant. It cannot be reasonably said that this verdict was not supported by evidence sufficient to sustain it. The finding of the jury on this issue in favor of the defendant must be sustained.

Instructions were challenged by an assignment of error. The challenge however could not avail anything to the plaintiff since on the record made it is not contended that a transportation arrangement such as is contended for by the defendant was illegal.

There are other assignments of error but the conclusion herein reached renders a consideration of them unnecessary. The ultimate determination of the case must depend upon and follow this conclusion.

The judgment of the district court is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.