JAMES H. CLARK, PLAINTIFF IN ERROR, v. ROBERT GELL, DEFENDANT IN ERROR.

1. **Bill of Exceptions:** ALTERATION AFTER SIGNING. Where a motion supported by affidavit is filed to strike the bill of exception from the record, upon the ground that it has been mutilated by adding certain words thereto since being signed, the motion will be overruled unless it is made to appear that the mutilation was made by the plaintiff in error or his attorney.

2. **Verdict Against Evidence.** Where a verdict is against the clear weight of evidence so that it cannot be sustained on any principle of right or justice, it is the duty of the court to set it aside.

ERROR to the district court for Clay county. Tried below before MORRIS, J.

*W. F. Stone* and *Hastings & McGintie*, for plaintiff in error.

*Bagley & Bemis*, for defendant in error.

MAXWELL, J.

This action was brought upon a promissory note executed by the defendant to the plaintiff, for the sum of $120. The defendant in his answer admits the execution of the note but alleges that it was given for a horse sold by the plaintiff to the defendant, which the plaintiff warranted to be sound in every respect, when in fact the horse was unsound and of no value whatever. On the trial of the cause the jury found for the defendant, and a motion for a new trial having been overruled, the action was dismissed.

The attorneys for the defendant have filed a motion in this court, supported by an affidavit, to strike the bill of exceptions from the record, upon the ground that it has been mutilated by writing the words "plaintiff excepts" after certain instructions given and refused. There is no claim or charge that the plaintiff or his attorneys caused the insertion of the words complained of, nor are the circumstances of such a character as to show that the act must have been done by one of them. This court has no right or desire to assume any fact reflecting upon the conduct of an attorney, and will visit no penalties upon him unless it is clearly proved that he has transgressed. The motion must therefore be overruled, but the exceptions will not be considered.

2. The testimony shows that the defendant purchased a stallion from the plaintiff for the sum of $200, and gave him the note of a third party for $80, and the note in controversy for the remainder. There is a conflict in the testimony as to whether or not there was a warranty of the horse, but in either case the verdict cannot be sustained.

The defendant in his testimony states that the horse was of but little value. On his direct examination he testifies: "I could not tell just what the value of him would be. I wouldn't take and feed and care for him for him." About a year after the defendant purchased the horse in question he traded him to John A. Legg, whose deposition is in the record. Legg testifies that "Defendant Gell said at the time I bought the horse that the horse was as good a work horse as he ever owned, and that he was as sound as a dollar. This was all the conversation we had in regard to the horse." He also testifies that the horse "was sound of limb, but a little thick winded. It didn't hurt him for a work horse." The defendant, in rebuttal, testifies in regard to the testimony of Legg as follows: "He (Legg) rode up to my place on horseback, and he said he had something to trade with me, and says I, 'That is a pretty good horse you have there,' and he went down to the stable. I never went near his horse, and he says 'I will trade even with you,' and I says, 'I ought to get some boot.' Says I, 'How many mares will you let me breed to him?' And he says, 'Give me the collar and breed a few mares,' and says I, 'All right.'"

There is a clear preponderance of the evidence showing that the horse in question was a good work horse, and was so regarded at or about the time of the trial. This being the case the defendant must comply with his contract. Whenever a verdict is against the clear weight of evidence, so that it cannot be sustained on any principle of right or justice, it is the duty of the court to set it aside. *Fried v. Remington*, 5 Neb., 527. The judgment of the court below is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.