WORLD MUTUAL BENEFIT ASSOCIATION v. ADA WORTHING.

FILED JANUARY 24, 1900.    No. 9,088.

| 59 | 587 |
| 60 | 133 |
| 59 | 587 |
| 62 | 94 |
| 62 | 665 |

1. **Sufficiency of Evidence: REVIEW.**  A verdict supported by competent evidence will not be set aside, unless clearly or palpably wrong.

2. **Instructions: REVIEW.**  An instruction, the giving of which is not assigned as error, is the law of the case, whether right or wrong.

3. ————: **JURY.**  The jury are bound to follow the instructions given by the court, and act on them in making up their verdict.

4. **Pleading: DEFENSE.**  A defense not pleaded can not be considered in the decision of the case.

5. **Instructions: ASSIGNMENTS OF ERROR: REVIEW.**  An assignment of error directed against a group of instructions will be considered no further than to ascertain that one of the instructions complained of was properly given.

6. **Evidence: ASSIGNMENTS OF ERROR: REVIEW.**  An assignment of error that the district court erred in refusing to admit the evidence of a certain witness will be overruled, if the record shows that a portion of the evidence was, in fact, admitted.

ERROR from the district court of Douglas county. Tried below before FAWCETT, J.    *Affirmed.*

*James W. Carr,* for plaintiff in error.

*T. J. Mahoney,* contra.

SULLIVAN, J.

This action was instituted by Ada Worthing against the World Mutual Benefit Association to recover the sum of $1,000, claimed to be due on a policy of life insurance issued by the defendant to Zeno Worthing. The insurance was originally taken out for the benefit of Vina Worthing, the wife of the insured, but, for reasons not necessary to mention, the old policy was, in June, 1894, superseded by a new one in which the plaintiff was designated as the beneficiary. The trial of the cause to a jury in the district court of Douglas county resulted in a verdict and judgment against the defendant. One of the contentions of counsel for the company is that the policy was obtained by means of false representations made by Zeno Worthing in regard to the condition of his health at and before the time of applying to the defendant for insurance. This question was fairly submitted to the jury under proper instructions, and their finding, being supported by competent evidence, and not being clearly and palpably wrong, must be permitted to stand.

Another contention is that the policy lapsed on account of a failure on the part of the insured to pay an assessment which became due on May 15, 1894. Upon this point the court instructed the jury as follows: "You are instructed that by the issuance of the policy sued on, the defendant waived all of the objections on the ground of failure to pay promptly an assessment due prior to the issuance of said policy, and you are further instructed that any default in payment, or failure to make payment within the time required, prior to the actual issuance of the policy sued on, is wholly immaterial for the purposes of this case and you should not consider any such default in the making up of your verdict." The giving of this instruction is not assigned as error, and we have, therefore, no occasion or authority to review it for the purpose of determining whether it is right or wrong.

It became the law of the case, and the jury were bound to follow it and act on it in making up their verdict. COBB, C. J., discussing this question in *Omaha & R. V. R. Co. v. Hall*, 33 Nebr., 229, used this language: "The fourth and sixth instructions given by the .court at the request of the defendant, if followed by the jury, they could not find for the plaintiff upon the theory first above stated, upon the evidence in the case. It is not necessary to decide, nor do I, whether the law is correctly given in the said instructions. It is the duty of the jury in all cases to follow the instructions given them in charge by the court, and if they do not do so the verdict should be set aside and a new trial ordered." To the same effect are: *Aultman v. Reams*, 9 Nebr., 487; *Limburg v. German Fire Ins. Co.*, 90 Ia., 709; *Howell v. Pugh*, 25 Kan., 96; *Irwin v. Thompson*, 27 Kan., 643; *Ryan v. Tudor*, 31 Kan., 366; *Cunningham v. Magoun*, 18 Pick. [Mass.], 13.

A further contention of the defendant is that Zeno Worthing failed to make prompt payment of assessments for July and August, 1894, and that, by reason of such failure, the new policy lapsed, and was never reinstated. This defense was not pleaded, and it was, therefore, not a material issue in the case. The only default of payment relied on in the answer as constituting a forfeiture was the one which occurred on May 15, 1894, while the old policy was outstanding. But, if such an issue had been raised by the pleadings, the general finding in favor of the plaintiff would still have to be sustained, under the evidence and the law as stated in the instructions given by the court at the instance of the plaintiff. Under these instructions the jury might have found that the defendant did not give due notice to the insured of the time when the July and August assessments were payable; and they might also have found that, if the policy had lapsed, the conditions required for reinstatement had been fully complied with.

Whether some propositions laid down in the special charge of the court to the jury were too favorable to the

plaintiff we can not determine, since the giving of the instructions complained of are assigned *en masse* in the petition in error. We are satisfied that all the instructions given at the plaintiff's request are not erroneous, and beyond that point we can not inquire, under the settled practice of this court. See *Diers v. Mallon*, 46 Nebr., 121; *Kaufmann v. Cooper*, 46 Nebr., 644; *McCormal v. Redden*, 46 Nebr., 776; *Oltmanns v. Findlay*, 47 Nebr., 289; *Fairfield v. Kern*, 48 Nebr., 254; *Dempster Mill Mfg. Co. v. First Nat. Bank of Holdrege*, 49 Nebr., 321; *Flower v. Nichols*, 55 Nebr., 314; *Kloke v. Martin*, 55 Nebr., 554; *McIntyre v. Union P. R. Co.*, 56 Nebr., 587; *Missouri P. R. Co. v. Palmer*, 55 Nebr., 559. The instructions in question must, therefore, so far as they go, be regarded as the law of the case.

It is finally insisted that the judgment should be reversed, because of the exclusion of the testimony of Vina Worthing, the widow of the deceased. Only part of the testimony of this witness was excluded, and, under repeated decisions of this court, the assignment of error is not sufficient to warrant a review of any particular ruling. See *Eagle Fire Co. v. Globe Loan & Trust Co.*, 44 Nebr., 380; *Sigler v. McConnell*, 45 Nebr., 598; *Kearney Electric Co. v. Laughlin*, 45 Nebr., 390. The judgment of the district court is

AFFIRMED.