## FULLER *v.* MAGATTI.

1. NEGLIGENCE—RES IPSA LOQUITUR — CIRCUMSTANTIAL EVIDENCE SUFFICIENT IF LEGITIMATE INFERENCES MAY BE DRAWN THEREFROM.

   While the happening of an accident alone is not evidence of negligence, it may be established by circumstantial evidence; and where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts, at least a *prima facie* case is made.[1]

2. SAME—MOTOR VEHICLES—EVIDENCE—SUFFICIENCY.

   In an action for personal injuries caused by defendant's automobile running down grade without a driver, evidence of his negligence in parking the car, *held,* to present a question for the jury.[2]

3. EVIDENCE—ADMISSIONS—STATEMENT OF DEFENDANT ADMISSIBLE WHETHER OR NOT PART OF RES GESTÆ.

   In an action for personal injuries caused by defendant's automobile running down grade without a driver, a statement by defendant that next time he would see that the wheels were cramped to the curb, was admissible, whether part of the *res gestæ* or not.[3]

---

[1]Negligence, 29 Cyc. pp. 590, 622; [2]Motor Vehicles, 28 Cyc. p. 49; [3]Id., 28 Cyc. p. 47.

On validity and effect of regulation as to parking or leaving automobiles standing in street, see note in L. R. A. 1917F, 352.

4. Trial — Motor Vehicles — Instructions — Mention of Insur-
ance Not Reversible Error.
    In an action for personal injuries caused by defendant's
    automobile, where, when insurance was mentioned, it was
    stricken out when objected to, and the trial judge in-
    structed the jury that there was nothing in the case which
    would justify the consideration of that subject, and that
    they should eliminate it from consideration, what oc-
    curred did not constitute reversible error.[4]

5. Negligence—New Trial—Overwhelming Weight of Evidence.
    A verdict for plaintiff, *held*, not against the clear or over-
    whelming weight of the evidence.[5]

Error to Kent; Perkins (Willis B.), J.   Submitted
April 8, 1925.   (Docket No. 38.)   Decided May 14,
1925.

Case by Glenwood C. Fuller against Frank G.
Magatti for personal injuries.   Judgment for plaintiff.
Defendant brings error.   Affirmed.

*Dunham, Cholette & Quail,* for appellant.

*Knappen, Uhl & Bryant* and *Linsey, Shivel &
Smedley,* for appellee.

Fellows, J.   Defendant operates the cafeteria in
the Masonic temple on Fulton street in the city of
Grand Rapids.   On the morning of June 21, 1923,
he drove to his work in his Hupmobile touring car
accompanied by his wife and one of his employees.
It is his claim that he reached the temple about 5
minutes before 8 and that he run his car about a foot
and a half from the curb, cramped the wheels so they
rested against the curb, put the gear in reverse, and
set the brake.   From the Masonic temple to where
Fulton street intersects Jefferson avenue is down
grade about four to four and one-half feet per hundred
feet.   From where the car was left to the point of

---

[4]Trial, 38 Cyc. p. 1498;  [5]Appeal and Error, 4 C. J. § 2838.

the accident was around 400 feet.     On this morning plaintiff was walking on Jefferson on his way to his office.     When he reached Fulton he crossed Jefferson on the south side of Fulton and had reached the curb when he was struck by defendant's car running without a driver, and received serious injuries.     The negligence counted on is the improper parking of the car.

Defendant's counsel asked for a directed verdict on the ground that no negligence of defendant was proven. It is his claim that in view of defendant's testimony he properly parked the car, and in view of the burden being upon plaintiff to establish negligence of defendant, there was nothing in the case to take it to the jury without adopting the rule *res ipsa loquitur,* which is not recognized by this court.     In *Burghardt* v. *Railway,* 206 Mich. 545 (5 A. L. R. 1333), this court said:

"This court has not adopted the rule *res ipsa loquitur;* we have uniformly held that the happening of the accident alone is not evidence of negligence; and we have as uniformly held that negligence may be established by circumstantial evidence, and that where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts that at least a *prima facie* case is made" (citing authorities).

An examination of the authorities there cited will disclose the holdings of this court under varying circumstances.     See, also, *Ignaszak* v. *McCray Refrigerator Co.,* 221 Mich. 10, and authorities there cited.

Assuming then, as we should, that the happening of the accident alone was not evidence of negligence, and alone did not take the case to the jury, we approach the record to determine whether it contains testimony directly from witnesses or proven facts from which legitimate inferences may be drawn making the

question of defendant's negligence one of fact for the jury and disputing the testimony given by him. The time of the accident ;was an important fact in the case. Defendant claims it did not occur until 25 or 30 minutes after he left his car in front of the Masonic temple. Manifestly if the machine remained where left on this inclined street for this length of time, this fact would be confirmatory of the claim that it had been properly parked. On the contrary if it left the point in front of the Masonic temple and proceeded down the street some 400 feet and struck plaintiff within from three to five minutes, this fact might be considered by the jury together with the other testimony in determining the crucial question of whether it was properly parked. Plaintiff claimed the accident occurred before 8 o'clock; other witnesses put it about 8 o'clock; and some put it shortly before and some shortly after 8 o'clock. The defendant's testimony on the question of time was not undisputed and its credit was for the jury. Plaintiff called two witnesses who testified to driving by the Masonic temple shortly after 8 on the morning in question and seeing defendant's car in the street, that the wheels were straight ahead and the car was moving slowly down the hill, just "crawling," that it gained speed as it went and crashed into the corner of Jefferson and Fulton; the testimony of the witnesses who pushed the car off plaintiff clearly demonstrated that the brake was not set, and a witness who examined the gear testifies that it was in neutral. A witness testified to hearing defendant say:

"I will bet that the next time I will see that my wheels are cramped to the curb."

This being a statement by defendant, it was admissible whether it was a part of the *res gestæ* or not. We think the plaintiff made such a case as to take the question of defendant's negligence to the jury.

Some mention of insurance was made during the trial and wherever objection was made it was stricken out.    The trial judge instructed the jury:

"Something has been said about insurance.    There is not anything in this case which would justify the consideration of that subject, and you should eliminate it from your consideration of the case, and any suggestion that has been made on that subject during the trial."

What occurred did not constitute reversible error. *Morris* v. *Montgomery*, 229 Mich. 509.    Error is assigned on certain excerpts from the charge.    In the main these assignments of error grow out of defendant's contention that he was entitled to a directed verdict and are disposed of by what has been already said.    Considering the charge as a whole, as we must do, we think it was an eminently fair one to defendant and submitted the case as favorably to him as he was entitled to.

A motion was made for a new trial, the question properly saved, and it is here urged that the verdict was against the clear weight of the evidence.    We can not agree with this contention.    On the question of the time of the accident, the plaintiff's testimony clearly preponderated.    This necessarily affected the credibility of the testimony of defendant and his witnesses.    Defendant's wife and the other occupant of the car were both unfamiliar with the mechanism of its operation and for this reason their testimony was not as helpful on the question of what defendant did as it otherwise would have been.    Upon the whole the verdict was not against the clear or overwhelming weight of the evidence.

The judgment will be affirmed.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.