## ED A. BERGMAN v. ALBERT O. WILLIAMS AND ANOTHER.[1]

December 30, 1927.

No. 26,389.

**Evidence as to parking of automobile on descending grade admissible.**

    1. The question being whether defendants ought to have anticipated that their automobile parked on a descending grade in front of their home might start down the grade, or might be so started by their three-year old child, evidence that it had been parked at the same place in the same manner many times previously without starting and that the child had never before interfered with it was admissible.

**Reversal not justified by requested instructions given to jury.**

    2. Defendants' requests so far as given by the court stated the applicable law correctly. That giving them may have placed defendants' contention before the jury more prominently than plaintiff's will will not justify a reversal.

Appeal and Error, 4 C. J. p. 684 n. 21; p. 685 n. 24.
Motor Vehicles, 42 C. J. p. 1227 n. 35 New.
Trial, 38 Cyc. p. 1674 n. 63.

Plaintiff appealed from a judgment of the district court for St. Louis county, Grannis, J. entered upon a verdict for defendants. Affirmed.

*A. Feldman,* for appellant.

*Abbott, MacPherran, Dancer, Gilbert & Doan,* for respondents.

TAYLOR, C.

Action to recover damages for the death of plaintiff's infant child, 14 months of age at the time of her death. Defendants are husband and wife and have two children, Jean, three years old, and a baby. The residence of defendants is on the westerly side of Belmont Road in the city of Duluth, and that of plaintiff is nearly opposite on the easterly side of the road. The road is paved and extends southerly at a fairly steep grade. Defendant Albert purchased a

[1]Reported in 217 N. W. 127.

Ford sedan in 1924 which was used as a family car and was frequently driven by defendant Florence. On July 13, 1926, she intended to take the children and go on a picnic with some friends. She took the car from the garage and drove it through a cross street to Belmont Road and then down that road to the house, where she parked it in the usual manner by turning the right front wheel against the curb and setting the emergency brake. She went to the house, brought out the lunch basket and other articles she intended taking on the trip and placed them in the car. She then went back to the house for the baby, leaving the front door of the car open and Jean standing on the sidewalk waiting for her. As she came out of the house, she saw the car moving diagonally down the street and Jean in the front seat. She was carrying the baby in a basket and set the basket down and ran after the car. She overtook it and seized the rear fender as it passed over the sidewalk on the opposite side of the street. It stopped just beyond the sidewalk. Plaintiff's child and some other children were on the sidewalk. The car passed over this child causing injuries which resulted in his death.

The complaint charged that Mrs. Williams was negligent in failing to park the car securely and in failing to guard against Jean's entering the car and manipulating the steering wheel and brakes. The jury returned a verdict for defendants. Plaintiff made a motion for a new trial which was denied. Judgment was thereafter entered on the verdict, and plaintiff appealed from the judgment.

Defendants were permitted to testify that they had parked the car in this same manner during the two years they had owned it and that it had never before moved from the place where it was left; also that Jean had never previously manipulated the steering wheel or interfered with the car in any manner. Plaintiff urges the admission of this testimony as error. Whether Mrs. Williams ought to have anticipated that the car parked as she parked it might start down the grade, or might be started by Jean, was the important question, and we think this testimony was admissible as bearing

on that question.   Doyle v. St. P. M. & M. Ry. Co. 42 Minn. 79, 43 N. W. 787.

Plaintiff's other assignments of error are directed to the instructions given to the jury.   Plaintiff makes no serious claim that they were not correct.   Plaintiff made no request for instructions; defendants requested several which the court gave.   They stated the law correctly.   They emphasized the rules applicable to the facts and stressed what must be established in order to charge defendants with liability.   Plaintiff's real complaint is that giving them placed defendants' contention before the jury more prominently than plaintiff's.   At the close of the charge the court asked if there were any suggestions, and plaintiff suggested a further instruction in respect to damages which the court gave.   Plaintiff also excepted to the giving of three or four of defendants' requests, but made no reference to the matter of which he now complains.

We find nothing in the charge which could confuse or mislead the jury.   The court did not discuss nor summarize the evidence. He told the jury, in substance, that they must find a verdict for defendants unless they found that Mrs. Williams was negligent in the manner in which she parked the car, or in not taking proper precautions to prevent Jean from interfering with it; and told them that if Mrs. Williams parked the car so that it would not have started down the grade except for the action of Jean, the defendants were not liable unless the jury found that under all the circumstances Mrs. Williams should have anticipated that Jean was likely to climb into the car and by playing with the wheel release the car so that it would run down the hill; and further told them that in order to find a verdict for plaintiff they must find that defendants were negligent by a fair preponderance of the evidence.   While the court did not tell the jury directly that they were to find a verdict for plaintiff if they found that defendants were negligent in either of the respects stated, the charge throughout implied that they were to do so.   We find nothing in the charge which would justify a reversal under the circumstances here disclosed.

Five months after the entry of judgment plaintiff made a second motion for a new trial, basing this motion on the claim of newly

discovered evidence. The motion was denied and no appeal was taken from the order denying it. Although that proceeding is included in the present record and discussed in the briefs, it is not before this court for consideration, for an appeal from a judgment does not bring up proceedings taken subsequent to its rendition, but only those which resulted in the judgment. G. S. 1923, § 9498; Halvorsen v. Orinoco Min. Co. 89 Minn. 470, 95 N. W. 320; Van Slyke v. Andrews, 146 Minn. 316, 178 N. W. 959, 12 A. L. R. 1068; Philadelphia S. B. Co. v. Hawley, 154 Minn. 538, 191 N. W. 815.

The judgment is affirmed.