CLARENCE E. ANDERSON, APPELLEE, V. MORRIS LOTMAN, APPELLANT.

FILED MAY 5, 1933. No. 28547.

*Chambers & Holland* and *Fred C. Foster,* for appellant.

*Burkett, Wilson, Brown, Wilson & Van Kirk, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is an action for personal injuries sustained by plaintiff in a collision between his motorcycle and an automobile driven by defendant. The defendant appeals from a judgment for $12,500.

The defendant attacks this judgment on the theory that the evidence is not sufficient to sustain the verdict and that the verdict is contrary to the weight of the evidence. The plaintiff's petition alleges that, at the time of the accident, he was riding a motorcycle north on the right-hand side of Eleventh street in Lincoln, and that defendant was driving his car in the same direction on the same street and, in attempting to pass plaintiff, swung his car to the left and then to the right, cutting in toward the curb directly in front of plaintiff. It is further charged that in doing so, without warning, he ran into plaintiff's motorcycle. The alleged negligence of the defendant is set out specifically. There is sufficient evidence in the record, if believed by the jury, to support its verdict. The plaintiff's testimony is corroborated. There is testimony in conflict, but the jury have resolved disputed questions of fact in favor of plaintiff. The books are filled already with authorities to the effect that a verdict based on conflicting evidence will not be disturbed on appeal.

This case is not within the rule, as claimed by appellant, of *Trute v. Holden,* 118 Neb. 449, in which it was held, quoting with approval from *Garfield v. Hodges & Baldwin,* 90 Neb. 122, that "A verdict so clearly wrong as to induce the belief on the part of the reviewing court that it must have been found through passion, prejudice, mistake, or some means not apparent in the record, will be set aside and a new trial awarded." Other cases cited by appellant are not applicable, for it does not appear that the verdict herein is either clearly against the weight and reasonableness of the evidence (*Bentley v. Hoagland,* 94 Neb. 442), or that material testimony has been disregarded, which if considered would require a different verdict (*Exchange Bank v. Gifford,* 102 Neb.

324; *Urban v. Novotny,* 107 Neb. 384), or contrary to physical facts or laws (*Dodds v. Omaha & C. B. Street R. Co.,* 104 Neb. 692), or that it cannot be sustained on any principle of right or justice (*Ellis v. Omaha Cold Storage Co.,* 122 Neb. 567; *Clark v. Gell,* 17 Neb. 284). The rule applicable to this case is that, where a verdict is based on conflicting evidence, it will not be disturbed as against the weight of evidence unless clearly wrong. *Reams v. Clopine,* 121 Neb. 86.

The appellant assigns as error the giving of certain instructions to the jury by the court. This action was originally brought against defendant and his wife. We infer that in the beginning plaintiff was in doubt as to which was driving the car. The evidence disclosed that Lotman was driving, and the case was dismissed as to his wife. Some allegations of negligence were charged to the wife which were proved against the husband. The court submitted this issue to the jury. There was some question as to the amendment of the petition and the substitution of Morris Lotman for Rose Lotman, his wife, but the amendment was not actually made. The condition of the record is not to be commended, but where the issue was tried without objection as to sufficiency of pleadings, appellate court will consider them sufficient to raise particular issue, and rule requiring agreement between pleadings and proof is inapplicable. *Hensley v. Chicago, St. P., M. & O. R. Co.,* 118 Neb. 690.

The instructions as to the violation of city ordinances as evidence of negligence is challenged, because it is claimed that the petition does not allege such violation. The petition alleges the unlawful operation of the car, the method of such operation, and then pleads the ordinances of the city of Lincoln making such operation unlawful. Surely this complaint is without merit. All the other instructions, against which complaint has been made, have been examined, and we find no prejudicial reversible error. It is not argued that the amount of the verdict is excessive. The judgment of the trial court is

AFFIRMED.