HECTOR CONSTRUCTION COMPANY, INC. v. CHARLES L. BUTLER AND ANOTHER.[1]

April 18, 1935.

No. 30,128.

[1]Reported in 260 N. W. 496.

*Bundlie & Kelley* and *L. E. Torinus, Jr.,* for appellant.

*Freeman & Lane* and *Orr, Stark, Kidder & Freeman,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action to recover the value of a tractor destroyed by fire. Plaintiff corporation secured a contract from the state of Minnesota to gravel a certain stretch of highway. Defendant Butler is the president of plaintiff corporation. Defendant Lewis was one of 39 truckers who was engaged in hauling gravel for this plaintiff. Plaintiff did not own any of the trucks so used. Defendant Butler owned the truck driven by defendant Lewis. Plaintiff corporation owned the machinery located and used in the gravel pit, including an elevating grader and two caterpillar tractors. On September 1, 1932, a warm afternoon, defendant Lewis drove the Butler truck into the gravel pit where plaintiff maintained the aforementioned machinery. He stopped the truck ten feet away from the side of one of the tractors. On his own initiative he decided to change the oil in the truck and to clean the oil filter. He drained the crank case and removed the oil filter. He then proceeded to wash away

with gasolene and a steel brush some oil which had spilled on certain parts of the motor. He was sitting on the front fender of the truck with a half-filled three-gallon pail of gasolene between his legs. An explosion suddenly occurred, and the gasolene burst into flame. Defendant immediately cast the flaming pail away. It rolled toward the tractor, spilling gasolene and fire on the tractor. The fire shortly ignited the gas in the tractor's gas tank, burned for two hours thereafter, and resulted in complete destruction of the tractor. There had been no fire where defendant was working before this explosion, and defendant was not smoking. He had not disconnected the battery on the truck before he started to clean. The spark plugs were properly inserted.

At the trial of the case only defendant Butler appeared. The case was submitted to the jury, who returned a verdict in favor of both defendants. From a denial of its motion for a new trial plaintiff appeals to this court. Plaintiff's principal contention here is that the court erred in its instruction to the jury concerning *res ipsa loquitur*.

The court instructed the jury as follows:

"If you find that the gasolene which exploded or caught fire was being used by Lewis in connection with the cleaning of certain parts of the motor truck and both the truck and the gasolene were in the possession and under the control of Lewis, and if you further find that the accident is such as in the ordinary course of things does not happen if those who had the management exercised reasonable care, then these facts alone raise an inference that Lewis was negligent. This is known as the rule of *res ipsa loquitur*, which was spoken about in one of the arguments and which means that things speak for themselves. *Res ipsa loquitur*, that is, the thing speaks for itself, means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference, that the facts furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that the facts call for an explanation or rebuttal, not necessarily that they re-

quire it, that the facts make a case to be decided by you, not that these facts forestall the verdict."

In our view this instruction was correct. Therefore we shall pass the question of whether plaintiff is barred from assigning this as error because earlier it had requested substantially the same instruction as was here given. It is admitted that before the doctrine of *res ipsa loquitur* can apply it must be shown, among other things, that the operation, use, or construction of the agency causing the injury was under the control and management of the defendant sought to be charged with negligence. Heffter v. Northern States Power Co. 173 Minn. 215, 217 N. W. 102; Kleinman v. Banner Laundry Co. 150 Minn. 515, 186 N. W. 123, 23 A. L. R. 479. In this case there was dispute as to the existence of this fact. There was contradictory evidence as to whether defendant Lewis, the operator of the truck, was under defendant Butler's control or whether he was under the control of the plaintiff. In reporting defendant Lewis's injury to the insurance company, plaintiff listed Lewis as one of its employes rather than as an employe of Butler. It appears that Lewis had been in the employ of plaintiff in and around the gravel pit for two periods of several months each. While so employed he had driven trucks hauling gravel on several occasions. It is claimed that on August 1, 1932, Lewis left the employ of plaintiff and went to work for defendant Butler, plaintiff's president, on a truck which Butler owned. Under this state of the evidence there was sufficient doubt as to who was Lewis's employer to make the question of control over the instrumentality inflicting the injury one for the jury. Obviously, if plaintiff hired defendant Lewis and directed his actions, he was not in defendant Butler's control, and the doctrine of *res ipsa loquitur* would have no application as against defendant Butler.

Since one of the facts, the presence of which must be established before *res ipsa loquitur* is applicable, was in dispute, it was for the jury to find the existence of this fact before *res ipsa loquitur* could be applied. If they found the existence of such fact, then they could apply the doctrine and would be justified in returning

a verdict for plaintiff. In substance the court so instructed the jury. Further, he correctly told them that if they found defendant Butler had control of the instrumentality herein, then they could find for plaintiff without other evidence of negligence but that they were not bound so to do and could still find for defendant. This was correct.

The court can submit a case to the jury and decide as a matter of law that *res ipsa* applies only when there is no substantial controversy as to the existence of the facts which give rise thereto. Otherwise the controverted fact must be left for the jury to find, under proper instructions. If they find such fact to exist, then they can apply *res ipsa loquitur* as instructed.

The court instructed the jury on the question of proximate cause. This was unnecessary since there was no question but that defendant Lewis's acts were the proximate cause of the fire which destroyed the tractor; yet we cannot see how this unnecessary instruction, when correct, was in any manner prejudicial to the plaintiff in this case. Plaintiff assigns as error the admission of defendant Lewis's testimony on cross-examination that he had cleaned this oil filter before in the same manner as he did on this occasion and that no injury had resulted. This perhaps was not best, though it is doubtful whether it was error in view of Doyle v. St. P. M. & M. Ry. Co. 42 Minn. 79, 43 N. W. 787; Bergman v. Williams, 173 Minn. 250, 217 N. W. 127. The best procedure would have been to show a common custom or usage, and to judge defendant Lewis's negligence by that standard and not by the fact that on one or two occasions Lewis had cleaned the filter in the same manner as here and had not been injured. But, if this was error, it was such an inconsequential error that it could not have prejudiced plaintiff here. The court instructed the jury:

"It is the contention of the defendant that the damage to the tractor was caused by an unavoidable accident, that is, a happening by chance and not a happening because of any negligence on the part of Lewis. Of course if this was an unavoidable accident then no one is liable for the damage; that is, if Lewis was not negligent and it just happened by chance."

Plaintiff assigns this as error and claims that it was prejudicial because by means of it the court introduced a new issue into the case. It is true that this perhaps introduced a new issue into the case. But we cannot see how plaintiff can object thereto. To find that there was an unavoidable accident here the jury would have to find that there was no negligence on the part of anyone, including defendant Lewis and defendant Butler. Defendant might object to this if the jury had found against him, because under this instruction the jury could find for plaintiff if they found negligence on the part of anyone, for then it would not be an unavoidable accident. It is seriously to be questioned whether this rather casual mentioning of unavoidable accident really would inject a new issue into the case as far as the jury was concerned; but, conceding that it did, it operated in plaintiff's favor if at all and not against it.

It was not error to submit the question of defendant Lewis's negligence to the jury even though he was in default and did not appear in the lower court. Defendant Butler's guilt or innocence hinged upon what his alleged agent or servant, defendant Lewis, had done or had not done. The jury had to consider Lewis's acts before they could determine the case as to defendant Butler, and so was not misled by the court in this respect.

It was not error to admit the report which plaintiff made to its insurance company in which is stated that defendant Lewis was its employe. The prohibition of 1 Mason Minn. St. 1927, §§ 4197, 4293, against admitting reports into evidence applies only to those reports submitted to the industrial commission, not to reports submitted to an insurance company or to others.

The claim that there was misconduct of counsel has no merit.

Affirmed.