CHARLES H. MILLER *vs.* UNIVERSAL NEWS DELIVERY
CORP.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued December 2d, 1936—decided January 8th, 1937.

*Sidney Vogel,* with whom was *Margaret Sigsway,*
for the appellant (defendant).

*H. Allen Barton,* for the appellee (plaintiff).

PER CURIAM. The plaintiff in this action recovered
damages due to injuries to the front of his store by
reason of a truck owned by the defendant backing into
it. An employee of the defendant, engaged in deliver-
ing newspapers and magazines for it, had parked the
truck at the side of a street in Greenwich. The street
at this point slopes rather sharply, rising toward the
north. The driver parked the car near the curb,
headed northerly, and left it to make a delivery. The
truck rolled backward down the slope some one hun-
dred and fifty to two hundred feet, crossed the curb
and sidewalk and collided with the front of the store.
(662)

The driver testified that he had turned the front wheels of the truck so that they were at an angle to the curb, the back of one of them against it, had put the emergency brake on hard and had shut the engine off. If the trial court was bound to accept this testimony, it would be necessary to correct its findings of many facts in such a way as to deprive its conclusions of support. But as is well stated in its memorandum of decision, only two theories can be conceived which would account for the accident; either the driver did not act as he said he did or someone tampered with the truck after he left it. The defendant does not contend that there is any substantial basis in the evidence in support of the latter alternative. The testimony of the driver as to his conduct was contradicted in vital respects by statements other witnesses testified he had made out of court and by inferences from other facts the trial court could reasonably have drawn. Not only was the court not bound to accept the testimony of the driver, but on the basis of the statements made by him out of court, considered in connection with the other evidence and the undisputed fact that the truck did roll down the hill, it was justified in finding in accordance with those statements. *Perrelli* v. *Savas,* 115 Conn. 42, 160 Atl. 311. No substantial change can be made in the finding which would affect the trial court's conclusion that the driver was negligent in the way in which he left the truck in the street. The trial court did not, and did not need to, base its conclusion upon any application of the doctrine res ipsa loquitur to the facts before it.

There is no error.