WILFORD WHITE v. MAURICE L. ROTHSCHILD & CO.[1]

November 12, 1943.

No. 33,524.

[1]Reported in 11 N. W. (2d) 773.

88

*Gainsley, Gould & Levitt, Henry S. Blacker,* and *Sidney G. Blacker,* for appellant.

*J. Frank Boyles,* for respondent.

HOLT, COMMISSIONER.

Plaintiff appeals from an order denying a new trial after an adverse directed verdict.

The action is to recover damages for personal injuries sustained by plaintiff about 2:30 in the afternoon of March 31, 1941. There is no controversy as to how or from what cause the injuries were received. The Acme Awning Company, of Minneapolis, has for years been in the awning business and, as a part thereof, takes off awnings in the fall, stores them over the winter, and replaces them in the spring, for an agreed compensation paid by the owner or tenant of the building. The Acme company furnishes the truck for transporting the awnings, and its employes do the work. The defendant has for many years carried on a clothing business in a many-story building fronting the easterly side of Nicollet avenue and the northerly side of Fourth street in the city of Minneapolis. For the last seven years defendant has been the owner of the building, but prior to becoming owner it was the tenant thereof under a lease which obligated the tenant to maintain and keep the premises in good condition and repair. For the last 16 years it has kept a capable man as maintenance superintendent of the

building. On the second and fourth floors of the building defendant had awnings, which for years had been taken off in the fall by the Acme company, stored over the winter, and, after being repaired, replaced in the spring. Plaintiff had been in the employ of the Acme company for six years prior to his injury on March 31, 1941, and as such, with a fellow employe, had taken off the awnings on defendant's building each fall and replaced them the next spring. On the day in question the men put on the awnings on the second floor by the use of extension ladders. The awnings on nine windows on the fourth floor on the Fourth street side they put on from the inside by standing on stepladders and raising and lowering the window sash. There remained two awnings to be affixed to two windows on the rear wall on the fourth floor. Plaintiff testified that on the window where the injury happened there was a shelf 15 inches wide affixed inside in front of the window so that stepladders could not be used to affix the awnings from the inside, but that it was necessary to stand on the outside on the window sill. The defendant's evidence was that the shelf did not come within 15 inches of the window sill and that it was feasible to affix the awning without going outside. The rear wall was of brick. The opening for the window was 7 feet high and 38 inches wide. The window sill was a dressed slab of blue limestone—the so-called Platville formation, quarried in Minneapolis. It was 40 inches long, about 8 or 10 inches wide, and 4½ to 5 inches thick. Plaintiff's fellow employe, being the taller, went outside to attach the awning at the top to the fixture in the window frame. As soon as that was done plaintiff stepped out on the sill to attach the arms of the awning to the fixtures on the sides of the frame a couple of inches below the upper sash. He had stood there about 30 seconds when a piece of the sill broke, precipitating him some 25 feet to a flat tar and gravel roof covering a rear extension of the building, inflicting the injuries for which recovery is sought.

Plaintiff insists that the *res ipsa loquitur* principle or rule required a submission of defendant's alleged negligence to the jury and therefore the court erred in directing a verdict in favor of de-

fendant. We are of the opinion that the court did not err. The background of the *res ipsa loquitur* rule is deemed adequately stated and discussed in Heffter v. Northern States Power Co. 173 Minn. 215, 217 N. W. 102; Cullen v. Pearson, 191 Minn. 136, 253 N. W. 117, 254 N. W. 631; Klingman v. Loew's Incorporated, 209 Minn. 449, 296 N. W. 528. This building was erected more than 40 years ago. When it was built and this blue limestone window sill set therein, no one could have found that it was an act of negligence to use that sort of stone. The Westminster Church of Minneapolis, one of the most costly church edifices in that city, is of blue limestone with window sills of the same material, and so also is the recent addition to that edifice. It is also to be borne in mind that window sills are not designed for supporting persons working thereon. Those who wash windows or put on or take off storm windows, screens, and awnings usually are provided with safety appliances to prevent injury from falls. In this case both men testified that they inspected the sill before stepping out onto it and observed no cracks or defects therein. The piece that broke off was triangular, about 14 inches long on the outside and about 8 inches deep. The remainder of the sill appeared sound and without cracks. There is no doubt that the elements had caused the piece to crack. The experts on both sides so testified. If the owner of a building is to be held responsible for the action of the elements upon such enduring material as blue limestone window sills, he virtually is made an insurer. Nearly all cases cited and relied on by plaintiff are those of trains or conveyances of persons or property wherein the injury to person or property is laid to the party in charge of the conveyance, and where the injured person or the owner of the damaged property had no knowledge of the cause of the injury and no control of the conveyance. The case of Kleinman v. Banner Laundry Co. 150 Minn. 515, 186 N. W. 123, 23 A. L. R. 479, arose from the explosion of the tenant's steam boiler damaging the landlord's building. There the court held the doctrine of *res ipsa loquitur* applicable to the tenant upon the evidence introduced at the trial. In a somewhat similar case where there was an ex-

plosion of gasoline, used by a trucker to clean parts of the motor, which destroyed plaintiff's tractor nearby, this court deemed the *res ipsa loquitur* doctrine applicable. Hector Const. Co. Inc. v. Butler, 194 Minn. 310, 260 N. W. 496.

It is appreciated that people walking on the sidewalks of a city are exposed to the danger of falling pieces of brick or stone from the cornices or window sills of adjacent buildings. As to such persons, it would seem, the owners or occupants of adjacent buildings must exercise a high degree of care that no object capable of producing an injury falls upon those passing underneath. But that is not the instant case. Plaintiff, an experienced workman, knew that window sills are not ordinarily used to support persons working on the outside of the building, and realized that before making use of such sills as a footing he must inspect them for defects, and did so. But there was a latent defect that no inspection could reveal. To let a jury base a verdict against the owner of the building for negligence in this instance would be to make the owner an insurer against any injury from all defects in a building. No decision has been cited by either party where the facts are similar to those in the case at bar. Plaintiff states that the case most in point is Rose v. M. St. P. & S. S. M. Ry. Co. 121 Minn. 363, 141 N. W. 487, Ann. Cas. 1914D, 92; but that was a case where a train stopped abruptly by the bursting of an air hose, injuring a brakeman, plainly an instance where the *res ipsa loquitur* rule was applicable. Such also was Terminal R. Assn. v. Staengel (8 Cir.) 122 F. (2d) 271, 136 A. L. R. 789, where a brakeman was injured when the rear trucks of the car he was riding took the wrong track at the switch. Another class of cases to which plaintiff refers is Anderson v. Winkle, 213 Minn. 77, 5 N. W. (2d) 355, and Reynolds v. Land Mortgage & Title Co. 114 Conn. 447, 159 A. 282, where there is a duty of the landlord, or a defendant, to keep a building, or certain parts thereof, in a reasonably safe condition for persons rightfully there.

Plaintiff, apparently apprehensive that Ryder v. Kinsey, 62 Minn. 85, 64 N. W. 94, 34 L. R. A. 557, 54 A. S. R. 623, might be invoked

against him, discusses it at considerable length in the brief; but we think that neither side is affected by that decision. The only similarity between the two cases is that neither defendant had erected the building involved, while in the instant case defendant knew that the sill which broke under plaintiff was of blue limestone. Boisvert v. Ward, 199 Mass. 594, 85 N. E. 849, cited by defendant, is not of much help here. There the plaintiff, a carpenter, hired by the defendant to tear down a building, was injured by the breaking of a decayed rafter. A verdict directed in favor of defendant was sustained.

As to when a trial court may direct a verdict, the law is stated in Krenz v. Lee, 104 Minn. 455, 116 N. W. 832, and is, in substance: If the case had been submitted to the jury and a verdict returned, the court, on the record made, would be compelled to grant judgment notwithstanding the verdict. This is deemed to be such a case.

Order affirmed.

MR. CHIEF JUSTICE HENRY M. GALLAGHER, being engaged on the pardon board, took no part in the consideration or decision of this case.

MR. JUSTICE LORING, absent because of accidental injuries, took no part in the consideration or decision of this case.

[1]Reported in 11 N. W. (2d) 798.