WILLIAM BOLIO, APPELLANT, v. M. R. SCHOLTING ET AL., APPELLEES.

41 N. W. 2d 913

Filed March 30, 1950. No. 32719.

J. J. Friedman, for appellant.

Gross, Welch, Vinardi & Kauffman, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

William Bolio, appellant, sued M. R. Scholting, doing business as Scholting Transfer Company, and Hugh Vargas, appellees, for damages claimed to have resulted from injuries to appellant when a truck owned by M. R. Scholting and parked by Hugh Vargas near an unloading pit of a grain elevator backed against appellant while he was passing between the rear end of the truck and the elevator building of Wertheimer & Company.

The contending parties are appellant and M. R. Scholting, owner of the truck, and his employee Hugh

Vargas, appellees. Wertheimer & Company, appellee, owner and operator of the premises where the accident occurred and employer of appellant, was made a party to protect its rights of subrogation resulting from payments under the Workmen's Compensation Act to appellant.

The trial resulted in a verdict for appellees. Motion of appellant for a new trial was denied, and he has appealed.

The negligence charged is that Hugh Vargas, while performing duties of his employment by M. R. Scholting, parked the heavily loaded truck with the reverse gear engaged on a grade descending towards the elevator building, without applying or setting the brakes on the truck and without warning appellant of the facts or the potential danger. Appellant says that the evidence of negligence of appellees was conclusive and the court should have instructed for him on this issue and submitted to the jury for its determination only the amount of his damages. Appellees denied negligence and pleaded the proximate cause of any injury or damage to appellant was the result of his negligence. They contend there is no evidence of their negligence but that there is evidence of negligence more than slight on the part of appellant. In testing the sufficiency of evidence to support the verdict, it must be considered in the light most favorable to the successful party, any controverted fact must be resolved in his favor, and he must be given the advantage of any inferences that can reasonably be deduced therefrom. In re Estate of Hunter, 151 Neb. 704, 39 N. W. 2d 418. It is not permissible for this court in reviewing the record in an action at law to resolve conflicts or weigh evidence. Clark v. State, 151 Neb. 348, 37 N. W. 2d 601. It is presumed in an action at law that all controverted facts are resolved by the jury in favor of the successful party. The findings of a jury based on conflicting evidence in such a case will not be disturbed unless

clearly wrong. Anderson v. Lotman, 124 Neb. 795, 248 N. W. 309.

There is evidence that appellant and Hugh Vargas had knowledge of the location and situation of the place of the accident. The former had lived and worked there for many years, and the latter had made deliveries there before and knew the situation. He was performing duties of his employment in accordance with the instructions of his employer, the owner of the truck, at the time of the accident. Hugh Vargas, appellee, was making delivery of a truckload of shelled corn to the elevator of Wertheimer & Company. The elevator building extended north and south. To the north of it was an office building and scales. South of the main building was a spur railroad track, and north of it and as a part of the building was a construction referred to as an unloading pit, chute, or hopper in which grain was unloaded and conducted into the elevator building and from there elevated by power machinery and equipment into one of the five bins of the elevator. Above and to the east of the unloading pit was a door in the side of the building. It was three or four feet from the right or east side of the doorway west to the east edge of the unloading pit. There were two doors in the doorway and they were open. The covering of the unloading pit had been removed and it was in condition to receive grain. There was an incline to the south from the south rail of the railroad track. The loaded truck was driven by appellee onto the scales and weighed by appellant. It then moved around the west end of the elevator and to the east and turned south until it was about opposite the unloading pit and then backed north until the rear wheels were probably on the south rail of the track. The truck was stopped, the motor turned off, it ceased to operate, and the clutch was engaged in reverse gear, but the brakes of the truck were not put on or set to prevent it from moving. It was a ton and a half Chevrolet truck equipped with

grain box about 3 feet deep, 12 feet long, and 8 feet wide, with a movable end gate in the middle of the rear which when removed made an opening about half the width of the box. It was opened by pulling it up or taking it out. It was not a dump truck. It was necessary to shovel the part of the grain that did not spill out by gravity. The truck was in good mechanical condition. Vargas stopped the truck and got out to ascertain that it was in position, when backed farther, to have the opening in the rear end over the pit to permit the corn to drop in it when the end gate was opened or removed. The rear end of the truck was stopped about five feet from the building and about a foot south of the south edge of the pit. When appellant came around the west of the building from the office the truck was standing still and appellee was out of the truck on the east of it. Appellant traveled along the south of the elevator building to the pit and took one step up on its rim. The truck without warning started back. He grabbed the back part of the truck in an attempt to get up on it, but could not do so, was pinned between the truck and the side of the elevator building, and was injured. Vargas got in the truck, put it in operation, moved it forward, and appellant fell to the ground. What caused the truck to move backwards is unknown. Appellant was going to the doorway in the south wall of the elevator building to turn the switch so that the elevator machinery and equipment would operate and elevate the grain that was about to be unloaded from the pit into one of the bins of the elevator. That was his only object. He had nothing to do with the operation of the truck or the removal of the corn from it into the pit. The effect of leaving or putting the truck in gear after it was stopped and the motor turned off was to act as a brake and to tend to keep it motionless. Appellee had parked the truck in the same position and condition previously and under similar circumstances and the truck had not moved as it did on this occasion.

The top of the rails of the track south of the building was about an inch and a half higher than the surrounding surface. Appellant was not required to pass between the rear of the truck and the building. He could have reached the location to which he was going through the elevator building or by going around the front of the truck to the doorway.

The heavily loaded truck was parked with the front wheels on higher ground than the rear wheels. The rear wheels may have been on the top of a rail of the spur track which was above the surrounding surface. The reverse gear was engaged, the brakes were not applied, and no warning was given appellant of any hazard of the situation. The shortness of time between when the truck was stopped and when it moved backwards was significant. It is true that it is not specifically known what caused it to move backwards after it had come to rest, but the appellant was not obliged to show that a specific negligent act or omission of the operator of it was the cause of its starting and moving backwards four or five feet until it stopped against the elevator building. It is enough that there is evidence justifying the jury in inferring and finding that the negligence of appellees was the cause of the truck starting in motion and causing injury to appellant.

A motor vehicle is not an inherently dangerous machine and one may leave it standing unattended in a public or private place without being chargeable with negligence if he takes ordinary precautions of securing it by the appliances with which it is equipped for that purpose, but when he does so, it is his duty to use due care to have it secured so that it will not travel unattended except by the intervention of some external cause not required to be anticipated and guarded against. The operator in this instance knew that the truck was in some respects parked in an unusual situation and that nothing was holding it immobile but the precarious tenure of an engaged reverse gear. The jury might well have decided from the evi-

dence that an ordinarily prudent person would have anticipated that the gear might not continue it at rest and that it might move backwards and cause damage to anyone or anything in the direction of its travel. The unexplained automatic starting of a motor vehicle when at rest into motion, when according to its mechanical construction and equipment it ought to remain still, may be significant of improper attention under the circumstances then existing to use reasonable precautions at the time it was brought to rest. Circumstantial evidence is sometimes sufficient to permit an inference and finding of negligence. The evidence presented a question of fact to be determined by a jury as to whether or not the driver for the owner of the truck when he parked it in the way described used the care that an ordinarily prudent man would use under the circumstances then existing. Thomas v. Fundum, 135 Neb. 728, 283 N. W. 839; Fone v. Elloian, 297 Mass. 139, 7 N. E. 2d 737; Maher v. Concannon, 56 R. I. 395, 185 A. 907; Miller v. Universal News Delivery Corp., 122 Conn. 662, 188 A. 880; Bergman v. Williams, 173 Minn. 250, 217 N. W. 127; Bacon v. Snashall, 238 Mich. 457, 213 N. W. 705; Fuller v. Magatti, 231 Mich. 213, 203 N. W. 868; Annotation, 66 A. L. R. 439; 60 C. J. S., Motor Vehicles, § 334, p. 777; 5 Am. Jur., Automobiles, § 338, p. 683.

Appellant complains because the issue of contributory negligence was submitted to the jury. It was pleaded as a defense. There was evidence he had been for many years familiar with the situation at the place of the accident. He knew the manner in which grain was delivered and unloaded there. He was at the office north of the elevator when appellee drove from there to put the truck in position to unload the corn from it into the unloading pit south of the elevator. There are indications that trucks backing in to unload did travel back to and against the building. Appellant had no duty in the operation of the truck or the removal of the corn from it into the pit. To elevate the corn from a pit to a bin in the elevator it

was required that a switch be turned. He was on his way to do this when he was injured. He was in a place of safety until he voluntarily chose and followed a course that took him between the rear of the truck and the south side of the building. He could have reached the place he was going through the elevator building or by going around the front of the truck. A person who knowingly and of his volition exposes himself to an obvious danger cannot recover damages for an injury he might have avoided by the use of reasonable care. The evidence does not establish contributory negligence as a matter of law. The existence of contributory negligence in an action for personal injuries is generally a question of fact, and where the evidence in relation thereto is such that minds may reasonably reach different conclusions as to its existence, the question should be submitted to the jury. Sgroi v. Yellow Cab & Baggage Co., 124 Neb. 525, 247 N. W. 355. It was sufficient to require a determination by the jury whether or not appellant observed ordinary care in taking a course that unnecessarily placed him in a hazardous position and whether or not he could have avoided injury to himself by the exercise of reasonable prudence, and, if he was chargeable with contributory negligence, was it more than slight in comparison with any negligence of appellees, and to what extent should it effect the amount of his recovery. Thomas v. Fundum, *supra;* Thompson v. Young Men's Christian Assn., 122 Neb. 843, 241 N. W. 565; Grantham v. Watson Bros. Transportation Co., 142 Neb. 362, 6 N. W. 2d 372, rehearing denied 142 Neb. 367, 9 N. W. 2d 157.

It is argued that the instruction as to contributory and comparative negligence incorrectly stated the law. The last paragraph should have been omitted, but it is not ground for setting aside the finding of the jury. If the negligence of appellant was equal to or greater than that of appellees, then indubitably the negligence of appellant was more than slight when compared with the negligence of appellees. The use of the word "would" when "should"

would have been more appropriate, or the omission of the word "directly" after the word "contributing" in the expression therein "that the plaintiff was himself guilty of negligence contributing to cause the injuries" or the substitution of "on the other hand, if, in comparing the negligence of the parties" for "and if, in comparing the negligence of the parties" does not amount to material error. This is especially true when the complaining party offered or requested no instruction on the subject. The meaning of an instruction, not the phraseology, is the important consideration, and a claim of prejudice will not be sustained when the meaning of it is reasonably clear. The instructions should be considered as a whole, and if they fairly submit the case the finding of the jury will not be disturbed. In determining whether or not there was error in a sentence or in a clause of an instruction, it will be considered with the instruction of which it is a part and other instructions, and the true meaning thereof will be determined not from the sentence or phrase alone but by a consideration of all that is said on the subject. Myers v. Willmeroth, 151 Neb. 712, 39 N. W. 2d 423. The instruction given on the subject of contributory and comparative negligence in this case does not constitute reversible error. Morrison v. Scotts Bluff County, 104 Neb. 254, 177 N. W. 158; Sgroi v. Yellow Cab & Baggage Co., *supra;* Hammond v. Morris, 147 Neb. 600, 24 N. W. 2d 633.

The instructions contained a statement that there was no loss of wages of appellant involved in this case, but that he was paid his regular compensation during the time that he was unable to work. This is assigned as error. It was a correct statement of fact. Appellant was paid his wages during his disability by his employer. The checks he received from the insurance carrier of Wertheimer & Company, by whom he was employed at the time of the accident, were endorsed by him to it. This complaint of appellant is without foundation.

Appellant complains in a general way of the refusal of

the court to admit evidence offered by him and that the court erroneously refused to sustain objections made by him to evidence offered by appellees, but neither in the assignments of error or in the argument is there specific reference to any particular item of evidence to which the complaints are directed. It is a rule of this court of long standing, frequently announced and recently reiterated, that an assignment of error complaining of the admission or rejection of evidence must, to be considered, point out the particular evidence to which the complaint refers. World Mutual Benefit Assn. v. Worthing, 59 Neb. 587, 81 N. W. 620; Colbert v. Miller, 149 Neb. 749, 32 N. W. 2d 500; Joiner v. Pound, 149 Neb. 321, 31 N. W. 2d 100.

It is argued by appellant that the record shows prejudicial error because of improper conduct of and statements made by the judge during the trial in the presence of the jury. The record does not show any objection or exception to any such statements or conduct. This is a prerequisite to a review of matters of this nature in this court. Morrow v. State, 146 Neb. 601, 20 N. W. 2d 602; Pittenger v. Salisbury & Almquist, 125 Neb. 672, 251 N. W. 287.

The judgment should be, and it is, affirmed.

AFFIRMED.