
Albert H. Lawrence *v.* Marion Willoughby

Appellate Division of the Circuit Court

File No. CV 6-648-16378

Argued February 8—decided May 13, 1966

*Paul R. Solomon,* of New Haven, with whom, on the brief, was *Alfred F. Celentano,* of New Haven, for the appellant (plaintiff).

*Benjamin Krevit,* of New Haven, for the appellee (defendant).

Jacobs, J. This negligence action, involving a collision between two automobiles, resulted in a judgment for the defendant from which the plaintiff appealed, challenging the correctness of that judgment.

The collision occurred on July 11, 1964, shortly after midnight, on Sylvan Avenue, a public highway running in an easterly and westerly direction in the city of New Haven. The finding, which cannot be corrected in any material respect, shows that as

the defendant was traveling in a westerly direction on Sylvan Avenue a black automobile whose identity could not be established was proceeding in a northerly direction on Orchard Street, which intersects Sylvan Avenue. The operator of the black motor vehicle made a right-hand turn into Sylvan Avenue and continued in an easterly direction, partly in the eastbound lane of travel and partly in the westbound. At the time in question, other cars were parked on each side of Sylvan Avenue, thereby reducing the width of travel to such an extent that there was room only for two cars to pass one another. To avoid a possible collision with the oncoming black vehicle, the defendant veered to the right and struck the plaintiff's unoccupied vehicle, which was properly parked at the curb in front of his home on the northerly side of Sylvan Avenue some 100 feet east of Orchard Street. After the impact, the defendant proceeded down the street far enough to find a parking space and then returned to the scene of the accident. The damage to the plaintiff's vehicle amounted to $421. The trial court found that "[t]he defendant had been drinking alcoholic liquor but his ability to operate his motor vehicle was not affected by such consumption of alcohol." And the court further found that "[a]fter the collision the defendant told the police officer that he was in the wrong for hitting the plaintiff's motor vehicle and wanted to pay the plaintiff for his damage." The court concluded that "[t]he defendant, faced with an emergency situation not of his own making, turned to the right to avoid a collision and in so doing struck [and damaged] the plaintiff's motor vehicle.

The plaintiff's basic claim of error on appeal is that the court erred in applying the doctrine of sudden emergency on the facts of this case. At the outset, we point out that "no pleading is necessary

to invoke the doctrine." *Pareles* v. *McCarthy,* 149 Conn. 238, 243; see Practice Book § 120; note, 80 A.L.R.2d 5, 19. "The doctrine applies only in cases in which the operator is suddenly confronted by a situation not of his own making and has the opportunity of deciding rapidly between alternative courses of action." *Vachon* v. *Ives,* 150 Conn. 452, 455, and cases cited. "But that doctrine is not an unlimited shield." *Lindberg* v. *Goode,* 200 Va. 784, 789. "The rule of sudden emergency cannot be invoked by one who has brought that emergency on himself by his own wrong or who has not used due care to avoid it." 2 Blashfield, Automobile Law and Practice (3d Ed.) § 102.28, p. 201; see 2 Harper & James, Torts § 16.11; Wright, Conn. Law of Torts, p. 33.

The defendant here admitted he was "in the wrong." Obviously, the doctrine of sudden emergency cannot be invoked to permit one "to shield himself behind a situation resulting from his own fault." Prosser, Torts (3d Ed.), p. 172; see *Milicevich* v. *Paterline,* 388 Pa. 346, 350 (sudden emergency doctrine inapplicable where "appellant Paterline practically admits his negligence"); *District of Columbia* v. *Tilghman,* 157 A.2d 629, 632 (D.C. Mun. App.); *Bellere* v. *Madsen,* 114 So. 2d 619, 621 (Fla.). The defendant's admission against interest is both weighty and positive. See *Hill* v. *Small,* 129 Conn. 604, 605; *Miller* v. *Universal News Delivery Corporation,* 122 Conn. 662, 663; *Reetz* v. *Mansfield,* 119 Conn. 563, 568; *Perrelli* v. *Savas,* 115 Conn. 42, 43. The admission "must be accorded all the weight of a considered admission made out of court." *Russo* v. *Metropolitan Life Ins. Co.,* 125 Conn. 132, 137. "Such a statement as that attributed to . . . [this defendant], while it cannot be regarded as the equivalent of direct testimony, is some evidence, circumstantial in its nature, of the

truth of the fact contained in it and under the circumstances of . . . [this] case may be sufficient evidence of that fact." *Perrelli* v. *Savas,* supra, 44. We recognize the general rule that "[t]he questions whether an emergency existed, and whether a person who was confronted with a sudden emergency exercised such care as an ordinarily prudent man would have exercised, when confronted with a like emergency, ordinarily are questions of fact . . . ." 65 C.J.S. 1134, Negligence, § 252(a); see *Gross* v. *Rubbo,* 133 Conn. 639 (distinguishable on the facts). It cannot be said that the emergency in which the defendant found himself was not of his own creation. While courts recognize in proper cases the doctrine of sudden emergency, we find no case in which the doctrine has been applied upon facts similar to the present case.

"It has been observed that while courts somewhat readily direct verdicts (or the equivalent) for the defendant, they are reluctant to do so for the plaintiff and cases involving an emergency, when they do so, are rare." Evans, "The Standard of Care in Emergencies," 31 Ky. L.J. 207, 229; see 61 C.J.S. 446, Motor Vehicles, § 526; 8 Am. Jur. 2d, Automobiles and Highway Traffic, § 1016. Upon the facts as found, it is apparent to us that the defendant was blameworthy in creating the emergency. But we are concerned with the question whether we should merely order a new trial or remand this case with direction to render judgment for the plaintiff. This depends upon whether the court could have found that "circumstances for which a party is not at fault have resulted in his failure to present the evidence which is lacking in his case and . . . that the necessary evidence will in reasonable probability be available on a retrial." *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 421. "There is nothing to indicate

that either of these conditions is present here. Consequently, no justification appears [to us] for permitting a new trial." *Masterson* v. *Atherton,* 149 Conn. 302, 316.

We hold that, upon the facts as found, the defendant was negligent as a matter of law in failing to have his vehicle under reasonable control and in failing to stop seasonably and thus avoid colliding with the plaintiff's vehicle, which was properly parked at the curb.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff in the sum of $421.

In this opinion KOSICKI and DEARINGTON, Js., concurred.